EDMUND F. WEBB, EXECUTOR, and others, in equity,
*vs.*
ADDIE L. FULLER, ADMINISTRATRIX, and others.

Kennebec.    Opinion May 31, 1893.

*Set-off.   Joint Debtors.   Probate.   R. S., c. 82, § 57.*

After a decree of distribution in the probate court, the executor may retain so much of any distributive share as is necessary to pay the indebtedness of the owner of such share to the estate.

This right has been long recognized by the law as existing without any statute.

The other distributive shares will thus be increased to that extent, and distribution will be made accordingly.

ON REPORT.

Bill in equity, heard on bill and answers which admitted the facts stated in the bill.

The case is stated in the opinion.

*Webb, Johnson and Webb*, for plaintiffs.

Counsel cited: Story's Eq. §§ 1431, 1434, 1435, note 2, 1436-7, 1444; *Ex parte Quintin*, 3 Ves. Ch. 248; 1 Pom. Eq. §§ 189, 541; 1 Spence Eq. 641-2, 651; 2 Eq. Lead. Cas. pp. 1338, 1347; *Jeffs* v. *Wood*, 2 P. Wms. 129; *Tucker* v. *Oxley*, 5 Cranch, 35; *Ex parte Hann*, 12 Ves. 346.

*W. P. Thompson*, for defendants.

Counsel cited: R. S., c. 82, § 57; *Peirce* v. *Bent*, 69 Maine, 381; 2 Story's Eq. § 1436; *Preston* v. *Stratton*, 1 Anst. R. 50; 1 Story's Eq. § 137; 2 Red. Wills, 130-1; Schoul. Exors. § 267.

EMERY, J.　Ann S. Fuller died intestate leaving an estate to be divided after settlement into four distributive shares. Two of the heirs, to each of whom one share was payable, were jointly indebted to the estate. The administrator recovered upon this indebtedness a judgment against the two heirs. He was not able to collect the whole amount of this judgment, nearly $25,000, remaining unpaid and uncollectible. He settled the estate as far as he could without the balance of the judgment, and the probate court made a decree for a distribution among the heirs of the balance in his hands amounting to a little over $13,000.

The administrator desired to apply to the further payment of this judgment the share of each judgment debtor in the balance to be thus distributed. To this each of the judgment debtors objected and formally demanded that his distributive share be paid to him in full in accordance with the decree. Thereupon the administrator filed this bill in equity to compel the application of these two shares to the payment *pro tanto*, of the joint judgments.

The respondents contend that the right of set-off is solely and entirely a creation of the statute, and hence cannot be exercised in any case unless some statute expressly authorizes it. They further contend that the statute gives the probate court no authority to make such a set-off as is desired here; and that in no case, and in no proceeding does the statute authorize a set-

off of one joint debt against two several debts as asked for in this case. R. S., c. 82, § 57.

It may be conceded that no statute can be cited, directly authorizing the action asked for in this case, but it does not follow that the court in equity is without power of action in the premises. Having now full equity powers the court can do and compel equity in any case except where restrained by some statute or positive rule of law.

The right of an executor or administrator to retain a legacy or distributive share from a debtor to the estate and apply it to the indebtedness has long been recognized by the law as existing without any statute. It is not the technical right of set-off in actions at law. It is rather called in the old cases the right of retainer. It is an equitable right of its own nature, and not at all dependent upon any statute. It is the plain, moral as well as legal duty of the debtor to pay his debt to the estate. He has had the value from the estate. He ought in morals and law to restore it. It needs no statute to affirm this duty. It is self-evident.

The right of a legatee or an heir in the estate of a decedent is not self-evident nor equitable. He has paid no value for it, has not earned it. It is a matter of grace. To make it a legal right needs statute affirmation, and without a statute or some positive rule of law the right would not exist. That the legatee or heir should fulfil his obligations to the estate before receiving the bounty of the decedent is clearly equitable. It is an equity which the court can enforce.

In *Jeffs* v. *Wood*, 2 P. Wms. 128 (*temp.* 1695), the court said : "The legatee's claim is in respect of the testator's assets, without which the executor is not liable ; and it is very just and equitable for the executor to say that the legatee has so much of the assets already in his own hands, and consequently is satisfied *pro tanto*." In *Courtney* v. *Williams*, 3 Hare, 539, a legatee filed a bill to compel the executor to pay over a legacy. The executor claimed to retain out of the legacy the amount of a debt owed by the legatee to the estate. The legatee resisted this claim on the ground that his indebtedness was barred by

the statute of limitations. It was held, however, to be equitable to deduct the debt from the legacy notwithstanding the statute. The court said the case might be put to the legatee. as follows: "You ask for a portion of the assets of the testator; but you are yourself a debtor to the testator's estate and his assets are diminished *pro tanto* by your default. It is against conscience that you should take anything out of the estate until you have made good what you owe to it." In *White* v. *Cordwell*, L. R. 20 Eq. Cas. 644, the same principle was applied in an intestate estate between the administrator and an indebted heir. The court said, "until the debtor discharges his duty to the estate by paying his debt which he owes to it, he can have no right or title to any part of it under the statute" (the statute of distributions). In *Batton* v. *Allen*, 5 N. J. Eq. 99, one of the seven distributees was indebted to the estate. It was held that the amount of his indebtedness should be added to the surplus and form a part of the amount to be divided; that the debtor's share of the whole amount should be paid *pro tanto* by cancelling his indebtedness, and he receive only the residue of his share if any. *Armour* v. *Kendall*, 15 R. I. 193, was a case of joint indebtedness like the one before us. A legatee and another party were jointly indebted to the estate of the testator. It was held that the executor could retain the legacy as a *pro tanto* payment of the debt due by the legatee and his partner to the estate. In *Tinkham* v. *Smith*, 56 Vt. 187, the heir brought an action at law against the administrator for his distributive share of the decedent's estate as determined by the probate court. He was at the same time indebted to the estate in a larger sum. It was held that the administrator could apply the indebtedness in payment of the share, and judgment was rendered for the defendant.

It appears, however, in this case that one of the two indebted heirs died after the recovery of the judgment against him and his co-heir. This administratrix now contends that she is entitled to his share in Ann S. Fuller's estate in full to enable her to settle his estate. It must be evident, however, that the heirs, creditors, or administrator of a deceased legatee, or dis-

tributee can be in no better position than he, and must be content with the residue, if any, after his debt to the estate is paid. It was so held in *Denise* v. *Denise,* 37 N. J. Eq. 163 ; *Earnest* v. *Earnest*, 5 Rawle, 213 ; *Girard Ins. Co.* v. *Wilson*, 57 Pa. St. 182.

In *Wadleigh* v. *Jordan*, 74 Maine, 483, and *Holt* v. *Libby*, 80 Maine, 329, the statute of limitations had barred the debt of the legatee to the estate, and it was held that under our statutes the executor could not apply the legacy in payment of a debt so barred. Neither case, however, questions the power or propriety of such application where the debt is not barred.

In this case there should be a decree substantially as follows : The amount due on the judgment should be added to the amount of the surplus in the hands of the administrator and the sum of these should be reckoned as the amount for distribution. The two shares of this whole amount coming to the two indebted distributees, should be applied to the payment of the judgment against them. The other two shares should be paid, as far as the cash balance extends, to the other distributees according to their respective interests.

It is asked in the briefs that the court order costs and counsel fees for both parties to be paid out of the estate. We do not think it would be equitable to do so. It is not the case of a will or a trust. The case is purely litigious. The two indebted distributees and defendants resisted an equitable right of the plaintiff, and subjected the estate to this litigation by their recalcitrancy. While the plaintiff should be allowed to deduct his costs and reasonable counsel fees, from the balance in his hands after accounting for taxable costs recovered, we see no reason why the two contesting defendants, who are found to be in the wrong, should not pay costs as usual. The decree will so order.

*Bill sustained.*

PETERS, C. J., LIBBEY, FOSTER, HASKELL and WHITEHOUSE, JJ., concurred.