[Sac. No. 365.    In Bank.—December 20, 1898.]

In re Estate of A. G. CARVER, Deceased. EVELINE CARVER, Administratrix, etc., Appellant, v. MARY ELLEN CARMICHAEL et al., Respondents.

ESTATES OF DECEASED PERSONS—LOSS BY NEGLECT OF ADMINISTRATOR—COMMISSIONS.—An administrator is liable for loss to the estate caused by his default or neglect, but he does not for that reason lose his statutory right to his commissions. He should be charged with such loss in his account, and credited with his commissions.

ID.—WAIVER OF COMPENSATION—WITHDRAWAL WITHOUT OBJECTION.—A waiver of compensation made by an administrator, which is withdrawn by consent of the court, and without objection made by any one thereto, is not effective to defeat his right to commissions.

ID.—COMPUTATION OF COMMISSIONS—VALUE OF PROPERTY—APPRAISEMENT IN INVENTORY.—The valuation of the property of the estate made in the inventory, though not conclusive, is *prima facie* evidence of its value; and the administrator should be allowed commissions on that valuation at statutory rates, in the absence of proof that it is not fair and reasonable.

ID.—LOSS OF MONEY DUE TO ESTATE—CHARGE TO ADMINISTRATOR—NEGLECT TO APPEAL.—Where money belonging to an estate was ordered to be charged to the administratrix, though it appeared upon the face of the order that it was in the hands of her mother, the order, if erroneous, must be appealed from, otherwise she is concluded thereby, and is chargeable with the amount, whether collected or not, if necessary for the payment of creditors.

APPEAL from an order of the Superior Court of Stanislaus County settling the final account of an administratrix. William O. Minor, Judge.

The facts are stated in the opinion.

Maddux & Stonesifer, for Appellant.

C. W. Eastin, and P. J. Hazen, for Respondents.

HAYNES, C.—The administratrix appeals from an order set-
tling her final account, in which the court denied her right to
any commissions, and charged her with the sum of $535.72, as
cash on hand, "said sum being the amount found due said estate
from Ann A. Carver in the settlement of the action of *McHenry
v. Carver et al.*" No other items are involved in this appeal.

1. Is appellant entitled to commissions in the sum charged, or
in any sum? The value of the property, as shown by the inven-
tory and appraisement, was $33,248.03, and the commissions
charged were based upon that sum, computed at the statutory
rate, and amount to $1,317.44.

The findings of the court are those recited in the preliminary
part of the order or decree, and, so far as they affect appellant's
right to commissions, are, in substance, that the administratrix
failed and neglected for an unreasonable length of time to render
a proper or legal account, that she neglected for an unreasonable
time to pay debts and claims while she had sufficient money
in her hands to pay them, "and has been negligent in other par-
ticulars without sufficient cause or excuse, and that she is not
entitled to any commissions as claimed in her final account."

It was also found "that she had not used any of the property
or money of said estate for her own benefit, nor has she mingled
the funds of said estate with her own funds; that the sales of
the personal property of said estate made by said administratrix
were fairly made, and the fair market price was obtained there-
for."

I think the court erred in refusing to allow commissions to
appellant.

Section 1618 of the Code of Civil Procedure provides: "When
no compensation is provided by the will, or the executor re-
nounces all claim thereto, he must be allowed commissions upon
the amount of estate accounted for by him, as follows: . . . .
The same commission shall be allowed to administrators."

The statute imposes no conditions as to the allowance of the

commissions at the rate stated in said section, though it permits the court, in its discretion, to make a further allowance for extraordinary services. The administrator is chargeable with debts which remain uncollected through his fault or neglect (Code Civ. Proc., sec. 1615), and if he has been guilty of neglect, or has wasted, embezzled, or mismanaged the estate, his letters may be revoked (Code Civ. Proc., sec. 1626); but it is nowhere provided that for any fault, mismanagement, neglect, or loss resulting therefrom that he shall be deprived of the compensation provided by law; though in such cases the administrator will be charged with the loss and credited with his commissions; so that, so far as necessary, his commissions will be applied to the payment of such losses.

In *Estate of Osborne*, 87 Cal. 1, one of the executors was held liable for a loss occurring through the default and insolvency of his coexecutor, and the court charged him with the loss less the amount of his commissions.

In *In re Moore*, 96 Cal. 522, the administrator was charged with various sums lost to the estate through his neglect, but he was allowed full commissions, and charged with the losses.

In 2 Woerner on American Law of Administration, section 526, the author says: "It is held in numerous cases that compensation must be refused if the administrator has been guilty of willful default or gross negligence in the management of the estate, whereby the same has suffered loss . . . . But it would seem that the language of the statute in most states fixing the compensation of executors and administrators precludes all discretion in this respect. The court can neither add to nor detract from, nor in anywise vary, the compensation directed to be allowed by the statute; it can neither allow nor disallow commissions scaled by the degree of skill or of vigilance, of good or bad faith, displayed in the management of the estate, unless such discretion is vested in the court by statute."

It is conceded that in other jurisdictions where the compensation is fixed by statute the decisions are not uniform; that in some the principal upon which compensation is refused is that where the estate has suffered loss by the dereliction of the administrator, the loss will not be enhanced by the allowance of commissions; but, where the loss is made up to the estate, full commissions are allowed.

I think the true rule, and one that is sustained by our own decisions, is that an administrator should be charged with losses resulting from his default or neglect, and allowed his commissions.

It is argued by respondent, however, that appellant, in her application for letters, waived commissions, and for that reason, if no other, compensation should not be allowed.

This was not made a ground of objection in the court below, though about four printed pages of the record are devoted to the statement of the grounds of exception to this item in appellant's account; nor was any finding made thereon, or other notice taken thereof in the court below. It appears, however, from appellant's testimony, that at the time of the compromise of the contests over the probate of the two wills left by the deceased, and before her appointment, her waiver of compensation was withdrawn with the consent of the court, and that no objection was made to the withdrawal.

It is further contended that if appellant is entitled to any compensation that the amount upon which commissions are computed is too large.

The inventory and appraisement showed the total value to be personal property, $4,488.03, and real estate, $28,800; total, $33,-248.03; and the commissions charged by appellant are computed upon that sum at statutory rates.

Respondents, in their exceptions to appellant's account, say that "she (appellant) has not administered the property of said estate of the value of more than $3,954.21."

It is not suggested that the appraisement placed too high a value upon either the real or personal property, but it is contended that $3,954.21 is the whole amount administered, and this amount, as the exceptions indicate, include no part of the real estate.

The deceased, A. G. Carver, died (in September, 1891) seised of nine hundred and sixty-three acres of land. Prior to his death he and his wife executed to one McHenry a mortgage upon said real estate, and another parcel belonging to Mrs. Carver, to secure the sum of $32,700, and a suit to foreclose said mortgage was brought in December, 1892. The land belonging to the estate was cultivated after Mr. Carver's death, Mrs. Carver

furnishing the money to pay the expense of putting in the crop. A receiver was appointed by the court to take charge of and harvest the crop, which afterward went to the mortgagee. The foreclosure suit was eventually compromised, the mortgagee waiving a deficiency judgment and paying two thousand five hundred dollars, which was claimed by Mrs. Carver to be the amount expended by her in putting in the crop, and she and the estate giving to the mortgagee the immediate possession of both tracts.

It is true the valuation in the inventory is not conclusive (*Estate of Hinckley*, 58 Cal. 516; *Estate of Fernandez*, 119 Cal. 519), but it is *prima facie* evidence of its value. (*Estate of Simmons*, 43 Cal. 549.) In the petition of Mr. Ward for the probate of one of the wills he estimated the value of the land at forty-five dollars per acre, whilst the appraisement fixes its value at thirty dollars per acre. Not only, therefore, is no question made as to the value of the land, but there are no circumstances tending to induce even a suspicion that the appraised value was not fair and reasonable. The appraised value of the land was charged to appellant in her account, and the fact that it was taken under a decree foreclosing the mortgage, and applied to the payment of a debt against the estate, was shown by the account.

Appellant should therefore be allowed commissions in the amount stated in her account.

2. As to the sum of $535.72, which the court directed to be charged as moneys in the hands of appellant, its history is somewhat obscure, but need not be traced to its origin.

Upon the settlement of appellant's first account, she was directed by the court to charge herself with that sum as moneys in her hands, though it appeared upon the face of the order that the money was in fact in her mother's hands.

In her final account she did not charge herself with it, but in her report said she had not done so because she had been unable, after using all reasonable efforts, to collect it. She thus treated it as money due the estate, but not as money that she should be responsible for whether collected or not. But if the court erred in its first order, which made her liable for the money in any event, she should have appealed from that order, and not having done so she is concluded. Besides, in her said report, after ex-

plaining that she had been unable to collect said sum, she said: "That she is willing that said sum may be deducted from her commissions for administering upon said estate in so far as the same may be necessary for the payment of claims of creditors herein." As it appears that the whole of said sum is necessary for the payment of creditors, the offer should have been accepted.

As the order appealed from rightly charges her with said sum of $535.72, but is erroneous in not allowing commissions, the cause should be remanded to the court below, with directions to modify its order by allowing appellant commissions in the sum of $1317.44, and that respondents pay the costs of this appeal, and as so modified the judgment be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded, with directions to modify the order appealed from by allowing appellant commissions in the sum of $1,317.44, and that the costs of this appeal be taxed to respondents, and as so modified the judgment is affirmed.

McFarland, J.,  Henshaw, J.,   Temple, J.,
Garoutte, J.,      Van Fleet J.,  Harrison, J.