[S. F. No. 6487.    In Bank.—July 7, 1914.]

THE PEOPLE, by U. S. Webb, Attorney-General, Plaintiff, v. CALIFORNIA SAFE DEPOSIT & TRUST COMPANY et al., Defendants and Respondents; TERESA BELL, as Administratrix of the Estate of Thomas Bell, Deceased, Intervener and Appellant.

SETOFF AND COUNTERCLAIM—INSOLVENT TRUST COMPANY—INTERVENTION BY ADMINISTRATRIX IN INSOLVENCY PROCEEDINGS.—Where insolvency proceedings against a trust company are pending in the superior court, that court has jurisdiction to entertain a petition in intervention filed by an administratrix to determine the validity of a setoff, growing out of a deposit by her of funds of the decedent's estate with the Trust Company before its insolvency, which setoff she is asserting against an allowed claim of the receiver of the Trust Company against the estate, founded upon a debt created before the death of the decedent.    She is not required to maintain a separate action against the receiver, nor to pay her indebtedness in full and accept a *pro rata* distribution with other creditors on her deposit claim.

ID.—SUBSEQUENT INSOLVENCY AND RECEIVERSHIP—EFFECT ON RIGHT OF SETOFF.—The right of the administratrix to assert such setoff is not affected by the Trust Company becoming insolvent and passing into the hands of a receiver after the mutual claims arose.

ID.—RECEIVER—INTERESTS ACQUIRED—WHETHER SUBJECT TO SETOFF.— A receiver acquires no greater interest in an estate than the one from whom he takes, and choses in action pass to him subject to any right of setoff existing at the time of his appointment.

CLXVIII Cal.—16

ID.—INSOLVENT BANK—RIGHT OF SETOFF DETERMINABLE AS OF WHAT TIME.—This rule applies in the case of an insolvent bank or Trust Company, so that the right of setoff is to be determined by the condition of things as they existed at the moment the bank or Trust Company became insolvent.

ID.—MUTUALITY OF CLAIMS—WHETHER ESSENTIAL TO SETOFF IN FAVOR OF ADMINISTRATRIX.—The administratrix of an estate has the right to setoff against the allowed claim of an insolvent Trust Company, based on a debt created by the decedent prior to his death, her claim for funds of the estate deposited by her with the Trust Company during her administration of the estate, so far as such claims compensate each other, although the respective demands are not mutual, where the allowance of the setoff will not embarrass the administration of the estate or prejudice the rights or interests of any other person interested in its assets.

ID.—STRICT RULE OF MUTUALITY—WHEN SHOULD NOT BE APPLIED TO SETOFF AFFECTING ESTATE OF DECEDENT.—When by reason of the special character of an asserted setoff it appears that in no particular can the rights of any person interested in the assets of the estate be affected by its allowance, or when the estate is solvent and able to pay all claims against it, including the allowed claim of a defendant asserting it as a setoff, the courts in the first instance do not, and in the latter should not, apply the strict rule of mutuality to prevent the allowance of the setoff.

APPEAL from an order of the Superior Court of the City and County of San Francisco dismissing a petition in intervention.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

Drown, Leicester & Drown, for Respondent.

De Laveaga & Magee, *Amici Curiae.*

LORIGAN, J.—The appeal in this case and another— *Estate of Bell,* Teresa Bell as administratrix, appellant, Frank J. Symmes as receiver of the California Safe Deposit & Trust Company, claimant and respondent, No. 6698—*post,* p. 253, [141 Pac. 1179], were on application of the appellant ordered heard together on the ground that the parties in interest were the same and the controlling question in each case was the same.

We shall consider and dispose of these appeals separately, addressing our attention now to the one above entitled, No. 6487, which is an appeal from an order dismissing a petition in intervention filed by the appellant, administratrix of the Estate of Thomas Bell, deceased.

It may be preliminarily stated, because unquestioned, that at the time of the filing of this petition in intervention there was pending in the superior court of the city and county of San Francisco a case entitled People of the State of California ex rel. *v.* California Safe Deposit & Trust Company in which on January 14, 1908, a judgment had been entered adjudging the said California Safe Deposit and Trust Company (hereafter to be designated as the Trust Company or the bank) insolvent and appointing a receiver to wind up and settle its affairs, and that such insolvent estate was in process of settlement.

In that action, and on October 12, 1912, appellant as administratrix of the Estate of Thomas Bell, deceased, filed a petition in intervention containing the following allegations: That Thomas Bell, deceased, died testate in October, 1892; that his will was duly admitted to probate by the superior court of the city and county of San Francisco; that petitioner was appointed and qualified as administratrix with the will annexed and that the estate of decedent is still pending unsettled in the said superior court; that said Thomas Bell at the date of his death was indebted to said California Safe Deposit & Trust Company on a promissory note payable to said trust company in the sum of forty thousand dollars principal, and bearing by the terms of said note interest at the rate of six per cent per annum; that the claim of said trust company thereon was presented to the then acting executors of the will of said deceased, was approved by them and allowed by the court in the sum of forty thousand dollars, and filed May 25, 1893; that afterwards from time to time during a period of years payments were made by the Estate of Bell on said claim to said Trust Company so that on December 19, 1907, there was due on said claim a balance of $10,093.40 principal, and interest thereon at six per cent per annum from April 23, 1898. It is then alleged that on February 13, 1902, on application to the court by petitioner as administratrix of said estate for a reduction of her bond as such, the same was reduced from three hundred thousand dollars to twenty thousand dol-

lars, and an order of court then made appointing and designating said Trust Company as the depositary of the funds of said estate and ordering and directing the administratrix to deposit with it all the moneys of the said estate; that said Trust Company accepted said appointment and thereafter acted as such depositary until it became insolvent and ceased to do business; that petitioner after the making of said order from time to time deposited the funds of said estate with said Trust Company, and that there was on deposit with it on December 19, 1907, when it became insolvent and ceased to do business a sum of money, funds of said estate, exceeding twenty thousand, two hundred dollars, no part of which has been paid to said administratrix; that the claim of said Trust Company against the estate of said Bell and the demand of said estate against said Trust Company became compensated as far as they equaled each other at the date of the insolvency and cessation of business of said Trust Company and that thereby there still remained due to said estate from such Trust Company the sum of five thousand two hundred dollars; that on July 6, 1909, an order of court was made directing the payment of all claims against the Estate of Bell except the claim of said Trust Company, which was deferred for further consideration; that on July 14, 1911, said Trust Company applied in the matter of the Estate of Bell for an order requiring the administratrix forthwith to pay to the receiver of said insolvent Trust Company said claim due to it from said estate; that petitioner in said proceeding resisted said application and asserted a claim that said money of said estate deposited with said Trust Company should be set off against the claim of said Trust Company so far as they equaled each other, but the superior court in which the matter of said estate was pending refused to entertain the claim of said estate for asserted want of jurisdiction; that unless restrained the receiver will proceed to enforce payment of the whole of the claim of said Trust Company notwithstanding the fact that at the date of its insolvency it was indebted to said estate in a sum greater than the amount of its claim against said estate.

The prayer was that the court take cognizance of said respective claims and adjudge and determine the amount due on each; that they be adjudged to be compensated in as far as they equal each other, and for an adjudication determining the excess, if any, due from said Trust Company to the Estate

of Bell; that an injunction be issued restraining the receiver from further proceeding on the claim of said Trust Company in the matter of the Estate of Bell until the hearing of the petition in intervention.

The court on the filing of the petition granted the preliminary restraining order prayed for. Thereafter the receiver of the Trust Company demurred to the petition in intervention on the grounds that it did not state facts sufficient to entitle the petitioner to the relief prayed for and that the court had no jurisdiction to entertain or grant it. The demurrer was sustained generally and, petitioner declining to amend, an order was entered dismissing her petition. It is from this order that the present appeal is taken.

Respondent insists that the court had no jurisdiction to entertain this petition in intervention. As we understand its petition it is that the petitioner as administratrix should have brought an independent action against the receiver of the insolvent Trust Company. But no separate action was necessary. In the action of Bell ex rel. *v.* California Safe Deposit & Trust Company in which the petition in intervention was filed the court had control of the insolvent estate of the Trust Company for the purposes of liquidation and settlement involving the settlement of the demands of all persons against said insolvent estate. It had jurisdiction of all claims; was a proper forum to adjust them, entertain and determine matters of proper setoff, adjudicate the right of a claimant to any balance against the funds of the Trust Company, and intervention in the insolvency proceeding was a proper course for the administratrix to have taken.

Before approaching a discussion of the main question on this appeal, another point urged by respondent may be preliminarily disposed of. This is that in no event could the claim of the administratrix be allowed as a setoff against the Trust Company or bank after the latter had become insolvent; that on the insolvency of the bank its claim against the estate was an asset to be collected by the receiver and applied ratably to the payment of claims of creditors of the insolvent bank, including a *pro rata* payment only of the claim of the administratrix as a depositor; that to allow the claim of the administratrix as such depositor to be set off against the claim of the insolvent bank would be to defeat this right of *pro rata* distribution; that it would be an appropriation of this latter

asset of the insolvent bank to the payment in full of the claim of the administratrix as a depositor and give her claim a preference to which it was not entitled over that of other depositors.

But the authorities do not sustain this contention. It is generally held that a receiver occupies no better position than that which was occupied by the party for whom he acts. He takes the property and rights of the one for whom he was appointed precisely in the same condition and subject to the same equities as existed before his appointment and any defense good against the original party is good against the receiver. "The general rule is that a receiver acquires no greater interest in an estate than the one from whom he takes, and it follows that choses in action pass to him subject to any right of setoff existing at the time of his appointment." (Pomeroy's Equitable Remedies, vol. 1, secs. 186, 187.) This rule applies in the case of insolvent banks, so that the right of setoff is to be determined by the condition of things as they existed at the moment the bank became insolvent. (Magee on Banks & Banking, p. 525; *Scott* v. *Armstrong,* 146 U. S. 499, [36 L. Ed. 1059, 13 Sup. Ct. Rep. 148] ; *Lamb, Receiver,* v. *Morris,* 118 Ind. 179, [4 L. R. A. 111, 20 N. E. 746] ; *Davis* v. *Industrial Mfg. Co.,* 114 N. C. 321, [23 L. R. A. 322, 19 S. E. 371] ; *State* v. *Robinson,* 94 Ga. 95, [47 Am. St. Rep. 138, 21 S. E. 146].)

Pomeroy in his work just referred to—section 188—declares that "the principles involved in a setoff against a receiver have received particular application in the case of receivers of insolvent banks, when suing parties who had money on deposit at the bank when it became insolvent. It is said to be well settled that in a suit by a receiver of an insolvent bank upon a note or obligation due the bank, the defendant will be allowed to set off his deposit or certificate of deposit held by him at the time of the suspension of the bank." Within these principles the right of setoff in the matter at bar is to be determined as of the time when the bank was adjudged insolvent, and if that right was available to the respective claimants at that time, the insolvency of the bank did not defeat it.

Now as to the main question presented in this case, which is whether the administratrix of the estate of Bell could, as such, set off the claim of that estate for money thereof on deposit with the Trust Company or bank when it became in-

solvent, against the allowed claim of said bank against said estate, based upon a liability of the decedent Bell; all other claims and debts of the estate being paid at the time the set-off was pleaded.

Counsel for respondent contend that this may not be done; that the right to assert a counterclaim or setoff and the conditions under which it may be availed of are prescribed by sections 438 and 440 of our Code of Civil Procedure; that there-under, as declared by this court in *McKean* v. *German Savings Bank,* 118 Cal. 334, [50 Pac. 656], ''Cross demands of contending parties . . . can be deemed compensated, as far as they equal each other, only under such circumstances as that if one party had brought an action against the other a counter-claim could have been set up''; that mutuality is essential to the right of setoff. And they insist that this mutuality does not exist in the present case; that the claim of the bank is based on a debt created by Thomas Bell prior to his death, and arose out of a transaction between him and the bank, while the indebtedness relied on by the administratrix arose long after the death of Bell and out of a transaction between her and the bank; that the bank at no time had the right or power to apply the money deposited with it by the administratrix against the amount due it from the estate, nor would it have had a right to have this done if an action had been brought by the administratrix against it, while it was a going concern, to recover the moneys of the estate deposited with it; that hence at no time did there exist a mutual right of setoff between the parties, and that such right must be mutual or it does not exist at all.

Aside from the points made by respondent and which we have already considered, the only other attack which it makes upon the petition in intervention under its demurrer, or which it urges here in support of the ruling of the court sustaining it, is that it is apparent from the facts alleged in the petition that there is a want of this mutuality as to the respective demands of the parties. It is not claimed that if this ground is not well taken the petition does not make out a case entitling petitioner to the relief asked for.

We are cited by respondent to a number of cases in support of their position that mutuality must exist between the demands in order to warrant a setoff between them, and particularly to cases where in actions by administrators or execu-

tors to recover money belonging to the estate on a liability created after the death of the testator or intestate it is held that claims against the estate, accruing prior to the death of the decedent, could not be asserted therein as setoffs. There can be no question but that the general rule as to the necessity of mutuality is as asserted by respondent, and it may be conceded that in a strict sense there is no mutuality between the claims here under consideration; they are not due to and from the same parties and in the same capacity. The general rule, too, is well settled, as claimed, that in actions by executors or administrators upon a cause of action arising to them after the death of the testator or intestate, a defendant cannot setoff a demand against the decedent existing at the time of his death. But this general rule is subject to exceptions which are applied in suits brought by executors or administrators such as above referred to, as well as in other actions, though we are now only concerned with ascertaining whether as to the claims here sought to be setoff against each other an exception should apply.

It will be found when cases of the character cited are examined, that where in such actions by executors or administrators the right of setoff has been denied to the defendants, such denial is not so much based on a want of mutuality (and that ground in many of them is not assigned as the reason), but is put upon the ground that the allowance of such a setoff might disturb the just and equal distribution of the assets of the estate among its creditors in any case where it was uncertain from the unsettled condition of the estate whether the assets were sufficient to pay all the debts of the decedent, or in the case of an estate which was actually insolvent the allowance of such setoff would not only prevent a *pro rata* distribution among its creditors, but, on the contrary, would give the creditor claiming the benefit of a setoff an undue preference over other creditors of the estate to the extent of full payment of his claim. (18 Ency. of Law & Proc., p. 895 and cases cited there.)

When, however, by reason of the special character of an asserted setoff it appears that in no particular can the rights of any party interested in the assets of the estate be affected by its allowance, or when the estate is solvent and able to pay all claims against it, including the allowed claim of a defendant asserting it as a setoff, the courts in the first instance do

not, and in the latter should not, apply the strict rule of mutuality to prevent the allowance of the setoff. It has been held that persons paying funeral expenses of a decedent may set off the amount thereof in an action by the executor or administrator upon a claim owed by them to the decedent in his lifetime. (*Adams* v. *Butts,* 16 Pick. (Mass.) 343; *Patterson* v. *Patterson,* 59 N. Y. 574, [17 Am. Rep. 384]; *Barbee* v. *Green,* 86 N. C. 165.) It is also held that upon proof that all debts of the testator had been paid, an executor who was sole legatee could avail himself of a chose in action belonging to the estate as a counterclaim in an action against him. (*Blood* v. *Kane,* 130 N. Y. 514, [15 L. R. A. 490, 29 N. E. 994].) Want of mutuality was not permitted in these cases cited to defeat the right of setoff, it being allowed in the first for the reason that other creditors of the estate could not be prejudiced as the setoffs were preferred claims against the estate, and such setoff was allowed in the last for like reason.

We refer to these cases as showing that the rule of mutuality is not always controlling in actions by or against personal representatives of an estate which involves its assets, but that it will be departed from in cases where it appears that permitting the setoff to be interposed cannot in any respect embarrass the administration of the estate or prejudice the rights or interests of any other party interested in its assets.

We can perceive no reason why the principles of the decisions cited should not be applied to the demands here. We think it should, and that notwithstanding the respective demands are not mutual, still that, if any proceeding in the estate had been taken by the bank to collect its allowed claim prior to its insolvency, or the administrator had theretofore sued to collect the estate funds on deposit with it, the estate being solvent, the demand of one party would have been available as a setoff against the claim of the other; that the right of the parties in that respect were reciprocal and, as we have said, the insolvency of the bank did not affect the right of either to have this subsequently done.

That this should be so we are satisfied is apparent on consideration. In discussing the application of the principle, we will take the case of an individual creditor of an estate, with an allowed claim, against whom the administrator has some money demand representing assets of the estate arising from a transaction between them subsequent to the death of decedent.

This will give a better opportunity for illustrating the prin-ciple, while not disturbing the relation of the actual parties here. Take the case of the creditor proceeding against the estate. Without having paid his indebtedness due to the ad-ministrator, he files his petition in the estate proceedings for payment of his allowed claim. The estate is solvent. In fact the claimant may be its sole creditor. No other creditor of the estate would be prejudiced if the payment is made, and no other person interested in the assets will be affected. But the administrator resists the application for the order of pay-ment and insists that the debt due him from the claimant representing assets of the estate should be set off against the allowed claim. What sound reason can be given why the strict rule of mutuality should be applied to deny the right of setoff? Nothing can be accomplished by it of just or fair advantage to the claimant creditor, nor any benefit arise to the estate. In fact if the rule were applied it might be of material disadvantage to the estate while unfairly advan-tageous to the creditor. The creditor may be insolvent, and it is well settled that the insolvency of a party against whom a setoff is claimed constitutes a sufficient ground for the allow-ance of a setoff not otherwise available. It may be that the demand due the administrator from the creditor constitutes the principal asset of the estate out of which to pay his claim, which of course would require a denial of the creditor's ap-plication until the administrator could collect the assets. The only effect of denying the right of setoff to the administrator in this situation would be to compel him to sue and enforce payment from the creditor if he was solvent, and this for the sole purpose of thereupon paying it back to him in satisfac-tion of his claim. This would be an idle and senseless thing to require a court to do. These are special circumstances, but exist here; the bank is insolvent and the debt owed by it to the administratrix represents all the money assets of the estate. Aside from this, however, in this matter at bar the circumstances present a situation where the rule of strict mutuality should, in consonance with obvious justice, be departed from and the setoff allowed. Here there is a solvent estate and a sole creditor of it who is also in substantial effect its debtor. The bank is entitled to have its claim against the estate paid, but the administratrix is also entitled to have it pay its debt to her which represents assets of the estate. No

injury can be worked to the creditor of the bank by permitting it and it is entitled to no advantage over the estate through denying it.   While the respective demands may not be strictly mutual, they are very intimately connected; the claimant in effect owes the estate and the estate owes him; both demands have relation to funds of the estate.   This presents a situation where, in the interest of clear right and justice an exception to the general rule of mutuality should be applied and the setoff allowed.

We are not in this opinion discussing any question of the jurisdiction of the superior court sitting in probate in a proceeding by a creditor therein, to entertain and determine a claim of setoff, though we are satisfied it can, and so hold in an opinion this day filed disposing of the other appeal taken by the administratrix, referred to in the beginning of this opinion—case No. 6698.   We are here simply considering the question whether want of mutuality between the claims may be availed of to defeat the right of setoff in such a proceeding and decide that it does not.

Being satisfied that the administratrix would have had the right to setoff the indebtedness due her from the bank against the allowed claim of the bank, in a proceeding in the estate to enforce its payment, we are likewise satisfied that the bank would have had a reciprocal right if the estate was solvent to set off its allowed claim against the estate in a suit brought against it to recover the debt due the administratrix as a depositor of the bank and such debt representing assets of the estate.   The same principle applies in both cases.   Take a situation.   The estate is solvent with ample assets to pay all claims and the claimant is the sole creditor.   There is no dispute of the validity of his allowed claim.   No possible prejudice can be suffered by the estate, its creditors, or any one interested in it, by allowing the setoff.   On the contrary, the creditor may suffer great inconvenience, or a serious loss may result to him by denying him the right to do so, without any benefit whatever to any one.   He may admit the indebtedness, but he is in such a position financially that he is not able to obtain the money to pay it.   He could pay the estate if it would pay him.   Possibly his debt to the estate is the largest asset and his claim could not be paid except after he pays the estate.   In this situation, or in any other where the estate is

solvent, what sound reason can be presented for a refusal to allow the setoff? If want of mutuality may be invoked to do so, then the creditor is placed in a peculiarly hard situation without, as we have said, any benefit to the estate. If the administrator may proceed to judgment against him it may result in a sacrifice of his property on execution to realize the amount due, and to what end? Solely to have the very money collected from him forthwith paid back to him in satisfaction of his claim. To deny the right of setoff under these circumstances simply for want of mutuality would be not only unjust and oppressive toward the creditor, but also an idle and absurd act.

Applying these views to the respective demands of the parties here, we are satisfied that the facts stated in the petition in intervention show that a right of setoff between these demands could have been asserted by either of them if any proceeding or action had been brought by the one against the other at the time of the insolvency of the bank; that this right was reciprocal; and that a sufficient cause for the relief asked by the administratrix was shown in her petition for intervention.

It is further especially urged by respondent that the deposit with the bank was a special deposit, and hence its allowed claim could not be asserted in an action brought by the administratrix to recover it. It is not now necessary to discuss how far this would affect the present situation between the parties even if the deposit was a special deposit, because the petition does not show this to be the fact. It may be assumed from a general reference in the petition that the order of court directing the administratrix to deposit the funds of the estate with the bank, to be withdrawn only on an order of the court, was made pursuant to an act of the legislature (Stats. 1891, p. 490), permitting the court to do this. But the act does not provide that the funds so deposited shall constitute a special deposit. Nor does the circumstance that they might not be withdrawn unless by order of the court make them such. That had relation simply to the manner in which they might be withdrawn. It had nothing to do with the character of the deposit itself, which, as far as the petition for intervention shows, appears to have been a deposit generally, creating the

relationship between the bank and the administratrix of debtor and creditor.

The order dismissing the petition in intervention is reversed.

Melvin, J., Henshaw, J., Shaw, J., and Sloss, J., concurred.

Rehearing denied.