[No. 27526. Department One. August 10, 1939.]

*In the Matter of the Estate of* ROSE T. JACKSON, *Deceased.*[1]

---

[1]Reported in 93 P. (2d) 349.

*Burkey & Burkey* and *Scott, Langhorne & McGavick,* for appellants.

*Guy E. Kelly* and *Herbert P. Jones,* for respondents.

MAIN, J.—This is an appeal from a portion of the decree of distribution entered in the estate of Rose T. Jackson, deceased, who died testate May 6, 1932. By her will, she devised and bequeathed the residue of her estate, one-third to Anton J. Nilsen, one-third to the Puyallup, Washington, Home for Ladies of the Grand Army of the Republic, and one-third to Fenton Jackson. Nilsen was named as executor.

The estate consisted of real and personal property. In the inventory filed, there was listed a note of Nilsen's due the estate, in the sum of $3,750. Sometime after Nilsen was appointed executor and qualified, he assigned all his interest in the estate, including his fees, to one O. M. Knudsen, to whom Nilsen was indebted in the sum of $2,500. September 15, 1938, the court fixed the executor's fees at $2,500.

Thereafter, and on December 2, 1938, the court entered a final decree of distribution, in which it was ordered that Nilsen's fees, as well as his one-third interest in the residue of the estate, should be applied upon his indebtedness thereto, as represented by the note for $3,750. September 20th, Nilsen executed and delivered to Knudsen a new assignment in writing, covering the fees as fixed and allowed by the court. From the decree as entered, Nilsen and Knudsen appeal.

The principal question is whether the court had the right to provide that Nilsen's fees as executor should be applied upon the indebtedness which he owed the estate.

Rem. Rev. Stat., § 1467 [P. C. § 9923], provides that the naming of a person as executor in a will or the appointment of a person as administrator

". . . shall not operate as a discharge from any just claim which the testator or intestate had against the executor or administrator, but the claim shall be included in the inventory and the executor and administrator shall be liable to the same extent as he would have been had he not been appointed executor or administrator."

Where the executor or administrator of an estate is its debtor, the amount of his indebtedness is to be retained out of his distributive share as heir, devisee or legatee, in like manner and to the same extent as though he were any other person entitled to distribution. 3 Bancroft's Probate Practice, § 1138.

The right of retainer is sometimes referred to as a set-off, but this is technically incorrect, because, as pointed out in *In re Smith's Estate*, 179 Wash. 417, 38 P. (2d) 244, there is a difference between retainer and set-off. The appellants recognize the right of retainer, as to the personal estate subject to distribution,

as against a debt due the decedent from a distributee, but contend that that rule does not apply to the real property. The trial court, in its decree, provided: .

"That said executor is hereby directed to set off the fee of $2,500 allowed to him and any legacy which he may have from the estate against his note in the sum of $3,750, plus interest, and said fee and legacy are hereby distributed to the other heirs of the estate."

In the case of *Boyer v. Robinson,* 26 Wash. 117, 66 Pac. 119, it was held that a debt due from a devisee can be retained from his portion of the real estate by the executor and applied on the indebtedness of the devisee to the estate. This was on the theory that, since an heir or devisee owes the estate more than the value of his share and does not pay his debts, he has no interest in the property of the estate, because the property would not descend until his debt was satisfied.

In *Stanley v. United States Nat. Bank,* 110 Ore. 648, 224 Pac. 835, it was said:

"Indebtedness of a legatee or distributee constitutes assets of the estate, which it is the duty of the executor or administrator to collect for the benefit of creditors, legatees and distributees. To the extent of his indebtedness withheld from the estate by the legatee or distributee, the distributive share or legacy of the debtor, is regarded as having been paid, and his claim upon the estate satisfied *pro tanto,* and where the amount of the indebtedness of the distributee or legatee exceeds the value of the legacy or distributive share, it extinguishes his title to the property of the estate in the hands of the executor or administrator available for distribution: *Streety v. McCurdy,* 104 Ala. 493 (16 South. 686); *Webb v. Fuller,* 85 Me. 443 (27 Atl. 346, 22 L. R. A. 177); *Fiscus v. Moore,* 121 Ind. 547 (23 N. E. 362, 7 L. R. A. 235); *Holmes v. McPheeters,* 149 Ind. 587 (49 N. E. 452); *In re Lietman,* 149 Mo. 112 (50 S. W. 307, 73 Am. St. Rep. 374); *Armour v. Kendall,*

15 R. I. 193 (2 Atl. 311); *Oxsheer v. Nave,* 90 Tex. 568 (40 S. W. 7, 37 L. R. A. 98); *New v. New,* 127 Ind. 576 (27 N. E. 154)."

The appellants seek, first, to distinguish the case of *Boyer v. Robinson, supra,* and then take the position that, if it cannot be distinguished, then it should be set aside, because it is claimed it is not based upon sound reason and is out of harmony with the weight of authority. We think the decision should not be departed from, because it is equitable and just in its operation. The right of retainer is based upon the equitable principle that no one should be permitted to share in the distribution of a fund until he has discharged his obligation to contribute to the fund. If the personal representative is indebted to the estate and is also entitled to a distributive share therein, he is required to satisfy the indebtedness, as far as possible, out of the portion coming to him. 3 Alexander, Commentaries on Wills, § 1496; Case Note Annotation, 1 A. L. R. 1031; *Webb v. Fuller,* 85 Me. 443, 27 Atl. 346, 22 L. R. A. 177.

It is the general rule that the assignee of a legacy or distributive share, whether with or without notice of his assignor's indebtedness to the estate, takes subject to the existing equities, and is in no better condition than his assignor would have been had the assignment not been made. *Romig v. Erdman,* 5 Whart. (Pa.) 112, 34 Am. Dec. 533; *Loverett v. Veatch,* 268 Ky. 797, 105 S. W. (2d) 1052, 110 A. L. R. 1378; Case Note, 75 A. L. R. 886.

We now come to the question of whether the rule, as applied to bequests and devises with reference to retainer, should be applied to fees earned as executor. It will be admitted that the executor's fees bear a little different relation to the estate than does the

distributive share of the estate to a legatee or devisee. As pointed out, the rule of retainer is equitable in its nature and based upon the principle that one should not be permitted to share in the distribution of a fund until he has discharged his obligation to contribute to that fund. If the fees of the executor are not applied upon his indebtedness to the estate, then they will go to Knudsen under the assignment. It would seem to be inequitable to take these fees out of the estate, while Nilsen is indebted to it in a greater sum than the amount thereof, and give them to a third person. In our opinion, the trial court correctly ruled upon this question.

It will be admitted that the case of *Lester v. Toole,* 20 Ga. App. 381, 93 S. E. 55, holds to the contrary, but we are not disposed to adopt the holding in that case.

■ Upon the trial, the appellants sought to prove the insolvency of Nilsen, but the testimony was rejected. The ruling was correct, because the right of retainer between executors and legatees exists independent of insolvency. *Chase Nat. Bank v. Sayles,* 30 F. (2d) 178.

■ Also, upon the trial, the appellants sought to prove by Nilsen that he was not indebted upon the note, and this testimony was properly rejected. In Rem. Rev. Stat., § 1211 [P. C. § 7722], it is provided that, where the adverse party sues or defends as having derived right or title through or from any deceased person, then a party in interest shall not be admitted to testify in his own behalf as to any transaction had by him with, or any statement made to him, or in his presence, by the deceased person.

The respondents in this case, Puyallup, Washington, Home for Ladies of the Grand Army of the Republic and Fenton Jackson, derive title through or from the deceased. Nilsen was a party in interest, and, under

the statute, his testimony was rightly rejected. *In re Miller's Estate,* 129 Wash. 211, 224 Pac. 607.

The decree will be affirmed.

BLAKE, C. J., JEFFERS, ROBINSON, and STEINERT, JJ., concur.

*Robert R. Pence,* for respondents.

[1]Reported in 93 P. (2d) 289.