[S. F. No. 280.   Department One.—March 24, 1896.]

IN THE MATTER OF THE ESTATE OF ANTONIO PINA, DECEASED.

ESTATES OF DECEASED PERSONS—APPOINTMENT OF ADMINISTRATORS DE
BONIS NON—IMPROPER REFUSAL OF COURT—CONVEYANCE BY HEIRS.
Where the administration of an estate has become vacant, and the es-
tate has not been fully administered, it is the duty of the court to ap-
point an administrator to complete the administration; and the court
cannot properly refuse to do so, upon the ground that the heirs have
parted with their interest in the property, nor can it dispense with the
usual and orderly administration of the estate, or determine the ques-
tion of title as between the estate and persons claiming adversely to it.
APPEAL— AMICI CURIÆ—CONTROL OF LITIGATION — DIMINUTION OF REC-
ORD—APPOINTMENT BY LOWER COURT.—Counsel appearing as *amici
curiæ* have none of the right of an adversary in control of the litigation,
and are not authorized to suggest a diminution of the record; nor are
their rights or liberties enlarged by their appointment as *amici curiæ* by
the lower court, which has no authority to make such appointment.

APPEAL from an order of the Superior Court of
Sonoma County.   S. R. DOUGHERTY, Judge. ·

The facts are stated in the opinion of the court.

*George Pearce*, for Appellant.

As the evidence showed that there was property of
the estate left unadministered, the court erred in refus-
ing to appoint an administrator.   (Code Civ. Proc., secs.
1377, 1379, 1395, 1405, 1426.)   The court erred in re-
fusing to hear the request of Josefa Adelaide Carrillo
read.   (Code Civ. Proc., sec. 1379.)

*Moreland & Norton, A. B. Ware*, and *Thomas Rutledge*,
for Respondents Norton, Ellis, and Markley, and as
*amici curiæ*.

VAN FLEET, J.—The deceased died testate in the
county of Sonoma, leaving estate therein.   His will was
duly admitted to probate, and letters testamentary issued
to the person named therein as executor.   Subsequently
the executor resigned his trust without having closed
the administration of the estate, and thereafter, in 1891,

an administrator with the will annexed was appointed and qualified.

In March, 1895, while the administration was still incomplete, the bondsmen of the administrator withdrew from his bond, and on the 26th of that month his letters were revoked for failure to file a new bond. Thereupon, in April, 1895, the appellant, Carrillo, claiming as the nominee of the next of kin entitled to administer, applied to be appointed administrator of the estate. His application was contested by the public administrator, who asked that letters be issued to himself. Certain other parties seem to have opposed the appointment of any administrator of the estate, but upon what ground or with what right does not clearly appear.

At the hearing there was evidence tending to show that there was property of said estate—an interest in certain real property coming to deceased under a patent from the United States government—which had not been administered, and that the administration of the estate had never been concluded, by decree of distribution or otherwise. Notwithstanding this showing, the court below denied and dismissed the petition of said Carrillo, and also that of the public administrator, upon the ground, as stated in its order, that it appeared that there were no creditors of said estate and no property thereof, and hence no necessity for an administrator. From this order Carrillo appeals.

We think the action of the lower court was justified by neither the facts nor the law. There was no evidence whatever to sustain the finding, if it may be so regarded, recited in the order that there was no property of the estate. The evidence clearly tended to establish the existence of property of the estate; and that it had ever been fully administered was not even pretended.

The court seems to have acted largely upon some general statements that the heirs of the deceased had parted with their interest in the property of the estate; but not only was there no competent evidence of that

fact (assuming that such question was material or could be litigated on an application for letters), but there was no evidence to show who the supposed heirs really were. We know of no such authorized method under the law of dispensing with the usual and orderly administration of an estate of a deceased person; or of thus determining the question of title to real property as between an estate and persons claiming adversely to it. Under the facts appearing, it was the duty of the court to proceed and appoint an administrator with the will annexed to complete the administration. (Code Civ. Proc., sec. 1426.) Whether the appellant is entitled to be so appointed the court did not, by reason of the erroneous view taken by it, proceed far enough to determine, but dismissed the application upon the grounds stated, without hearing the evidence as to appellant's right to administer. The latter was entitled to have his application determined upon its merits, and for the failure of the court to so determine it the order must be reversed.

We have not acted upon the suggestion made by counsel appearing as *amici curiæ*, for a diminution of the record, for the reason, in the first place, that we do not deem the matters suggested material, and, in the next place, we do not recognize any right in counsel appearing *amicus* to interfere with or control the condition of the record in such an instance. They have not the rights in that regard of an adversary in the litigation. Nor are the liberties of counsel thus appearing at all enlarged in this instance because the court below assumed to *appoint* them as *amici curiæ* to represent it on the appeal. The court is not a party to the appeal, and we know of no authority for the making of such appointment in any case. To the extent to which they are entitled to be heard they have the same rights without such appointment as with it.

The order, so far as it affects the appellant Carrillo, is reversed, and the cause remanded for a new trial.

HARRISON, J., and GAROUTTE, J., concurred.