This case was heard in Department Two, and decided October 20, 1899, by which the judgment of the court below was modified by eliminating therefrom the order appointing a receiver, and as thus modified the judgment was affirmed. Afterward, a petition for a rehearing in Bank was filed by Thomas W. O'Neil, the receiver appointed by the court below, who, by stipulation of counsel and permission of the court, had filed a brief in said cause. *Page 402 
In the petition for rehearing it was suggested that said brief must have been overlooked by the commissioner who wrote the opinion, or that it failed to reach him.
Upon investigation, it was found that said brief on behalf of the receiver, and a reply thereto by appellant L. Tozer, had not reached either the commissioner or the Department, and upon that ground alone a rehearing in Bank was granted. O'Neil, having no other relation to the case than that of receiver, an officer of the court created by its judgment from which these appeals were taken, has no standing or relation to the case which would authorize him to petition the court for a rehearing, or even to file a brief therein except as an amicus curiae. (In re Pina,112 Cal. 14.) He had no right of appeal. He was not a party aggrieved by the judgment from which the appeal was taken, and could not have taken an appeal, nor did the service upon him of the notice of appeal give him any standing in this court. He was not a party to the litigation, and had no interest in behalf of or against either party thereto. The only interest he has is that of retaining an office to which he was appointed by the court by its final judgment in a cause litigated by other parties.
The present attorney general has, however, indorsed upon said petition the following: "I hereby consent to the foregoing petition for rehearing and in this connection desire to add that, from an examination of the transcript on appeal (pages 26 and 27), it appears through some inadvertence a stipulation was entered into by this office on the ____ day of September, 1898, to the effect that the transcript on appeal contained `the judgment-roll,' whereas in fact the complaint in intervention filed in said cause by Grove L. Johnson, intervenor, is omitted from the judgment-roll as printed in the transcript."
It is due to the learned attorney general to remark in this connection that said cause was tried under the administration of his predecessor in that office, and said consent was based upon a reference in the transcript to "Grove L. Johnson, Intervenor." Upon this representation, leave was given to respondent to file in this court a copy of the said complaint in intervention, and leave was also given to appellants to file a copy of the proceedings of the court below thereon; and from said complaint and *Page 403 
proceedings, now before this court upon said application to correct the record, it appears that this cause was tried on February 17, 1898, and that said complaint in intervention was not filed until that day; that service thereof was acknowledged by the attorneys for the defendant association, and defendants Steinman, Heilbron, Jones, and Lock, "reserving all objections made as to granting permission to file the same"; that on February 26th demurrers to said complaint in intervention were filed by the defendants, and on the same day notice was given that on March 4th a motion to strike out parts of said complaint would be made. On March 4th said motion was continued one week, and on March 11, 1898, said motion was "continued without day, to be restored to the calendar upon ten days' notice." It thus appears that the complaint in intervention was not filed by consent of the defendants; that it was filed on the day of the trial, and was not heard or considered by the court, and is still pending therein upon said demurrers and motion to strike out. It therefore formed no part of the judgment-roll of the cause that was tried, and cannot be considered upon this appeal. We must assume, in the absence of a bill of exceptions showing otherwise, that no application was made by the intervenor to the court below to postpone the hearing of the case until an issue could be formed upon his complaint in intervention, and that all action thereon was waived, so far, at least, as that trial was concerned.
The rehearing having been granted because of the accident by which the briefs above mentioned were not considered by the court or the commissioners, it now becomes our duty to examine them.
In the brief on behalf of the receiver it is contended that the action of the court in appointing a receiver cannot be reviewed because the evidence heard by the court below has not been brought up by a bill of exceptions; that the only ground upon which the action of the court can be assailed is a want of jurisdiction to make the order complained of; that in the absence of a bill of exceptions it cannot be determined whether or not the court below erred in making the order appointing a receiver, since it cannot be known what facts were before the court, and must, therefore, presume that the evidence justified the appointment. *Page 404 
There is no merit in this contention. To sustain it we must presume that the court received evidence outside of the issues, which, if properly received, would justify the order appointing the receiver. It is not contended in this brief that the court failed to find upon any fact alleged in the complaint, but we are asked to affirm the order appointing a receiver, because we do not know but that the court may have received evidence of facts not in issue which justified it. For aught we know, facts may exist which would authorize the appointment of a receiver, but, unless the facts as alleged and found justify it, the order making the appointment is properly reversed on appeal from the judgment upon the judgment-roll.
Again, it is contended that the building and loan commissioners' act is a special statute, and is independent of the general provisions of law regulating the appointment of receivers, and that in cases under this statute "the court is authorized to make such appointment, regardless of general principles." This contention, as well as the further contention that "the findings are sufficient to show the existence of good cause for the appointment of a receiver, even when tested by the rules of equity and by the general provisions of the law," are sufficiently answered in the opinion heretofore filed, and which is hereby approved.
It is therefore ordered that the judgment entered in Department stand as the judgment of the court.
The following is the opinion rendered in Department Two, October 20, 1899: