[Civ. No. 368.    First Appellate District.—September 10, 1907.]

## E. M. GALVIN, Assignee of MINNIE GAGAN, Appellant, v. MUTUAL SAVINGS BANK, and BRIDGET GAGAN, Respondents.

ESTATES OF DECEASED PERSONS—JURISDICTION OF PROBATE COURT—UNTENABLE ACTION BY ASSIGNEE OF HEIR—MONEY TAKEN BY WIDOW.—The estate of a deceased person must be administered in the probate court. An action will not lie in favor of the assignee of one heir to recover his share of money, the separate property of the deceased, which the widow wrongfully took, claiming it as her own, and deposited in the defendant bank, though it is alleged that there are no creditors of the estate.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    John Hunt, Judge.

The facts are stated in the opinion of the court.

E. M. Galvin, Appellant *in pro. per.*

Robert P. Troy, for Respondent Bridget Gagan.

Frank J. Sullivan, for Respondent Bank.

COOPER, P. J.—The court below sustained the defendants' demurrer to the third amended complaint, without leave to

amend, and judgment was entered for defendants. This appeal is from the judgment.

The complaint alleges that one Thomas Gagan died intestate, leaving surviving him as his only heirs Bridget Gagan, his widow, a brother whose Christian name is unknown, and Minnie Gagan, the daughter of a deceased brother; that at the time of his death deceased was possessed of $5,500, his separate property, which the widow wrongfully took and deposited with the defendant bank, and now claims as her own; that there are no creditors of the estate of Thomas Gagan; that Minnie Gagan, as heir at law, became entitled to $737.50 of the said estate, and that she duly assigned "said sum of money to this plaintiff, who is now the owner thereof." Judgment is prayed for said sum with costs.

The demurrer was properly sustained. It is evident that, without any administration being had, the court, in order to give plaintiff the relief demanded, would have had to determine the questions of the death of deceased, the amount of his estate, the heirs and the part that each would be entitled to, and the fact that there were no creditors. The judgment would not then be binding upon any heir not a party to it, nor upon anyone who might afterward claim to be a creditor. The widow might claim a family allowance, and that would have to be determined. It might become necessary to have the estate appraised, and the court would have to appoint appraisers. The code very wisely provides a process for the administration in the probate court of the estates of deceased persons, whereby the existence of creditors or heirs may be conclusively established. A method is provided for giving notice, which is binding upon all, so that all creditors may be paid, the family provided for, and the title properly transmitted by distribution. We have never known of an estate being legally settled in any other manner. In fact the question has been passed upon, and should not again be presented here. (*In re Pina,* 112 Cal. 14, [44 Pac. 332]; *Estate of Strong,* 119 Cal. 663, [51 Pac. 1078].)

The judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 8, 1907.