[Crim. No. 906. First Appellate District, Division Two.—May 22, 1920.]

In the Matter of the Application of HORACE W. PHILBROOK for a Writ of Habeas Corpus.

[1] HABEAS CORPUS—ERROR IN EXERCISE OF JURISDICTION.—On *habeas corpus* error in the exercise of jurisdiction cannot be considered.

[2] ID.—COMMITMENT OF ADMINISTRATOR—REFUSAL TO RENDER FINAL ACCOUNT—JURISDICTION—PRESUMPTION.—In the absence of a showing on *habeas corpus* of any facts concerning the contents of the answer filed by the administrator of an estate to the original petition in a proceeding instituted under section 1639 of the Code of Civil Procedure to compel him to render a final account of his

intestate's administration of a given estate, it must be presumed that the court's order that he be arrested on the ground that he had refused to obey the citation, though made in his absence and without notice, after the filing of such answer, was in the lawful and proper exercise of the judicial function.

[3] ESTATES OF DECEASED PERSONS — DEATH OF ADMINISTRATRIX — FINAL ACCOUNT — FAILURE TO FILE CLAIM — JURISDICTION.—The jurisdiction of the court to compel an administrator to render a final account of his intestate's administration of a given estate is not lost by the failure of the successor of such intestate in the administration of such estate to present a claim against the estate of the deceased administratrix.

[4] ID.—REVOCATION OF LETTERS PRIOR TO DEATH—FINAL ACCOUNT BY PERSONAL REPRESENTATIVE—JURISDICTION.—The fact that the letters of administration of such deceased administratrix were revoked before her death did not deprive the court of jurisdiction, in a proceeding under section 1639 of the Code of Civil Procedure, to require her personal representative to render the final account which she had not rendered.

PROCEEDING on Habeas Corpus to secure the release of an administrator adjudged guilty of contempt of court in refusing to render a final account. Writ discharged and prisoner remanded.

The facts are stated in the opinion of the court.

Horace W. Philbrook, *in pro. per.,* for Petitioner.

Ezra W. Decoto, District Attorney, and Fitzgerald, Abbott & Beardsley for Respondent.

LANGDON, P. J.—A writ of *habeas corpus* was granted by Mr. Justice Lawlor of the supreme court returnable to this court, the petitioner claiming that he was restrained of his liberty under an order of the superior court in Alameda County adjudging him guilty of contempt upon his refusal to account as the administrator of the estate of his deceased wife, Florence E. Philbrook, who had formerly been the administratrix with the will annexed of the estate of Humphrey A. Randall, ancillary administration of whose estate is pending in the superior court, the main estate having been administered or being in the course of administration in the state of Maine at the place of death of Randall.

In 1917 the letters of Florence E. Philbrook were revoked, and she was succeeded in her administration by Anne Bates Randall, the widow of Humphrey A. Randall. During her administration Mrs. Philbrook filed her first account but did not file the final account of her administration. She died in November, 1918, and the petitioner herein was appointed and now is the administrator of her estate.

In December, 1919, Anne Bates Randall, the executrix of the Randall will, instituted proceedings under section 1639 of the Code of Civil Procedure to compel the administrator of the estate of Florence E. Philbrook to render a final account of his intestate's administration of the Randall estate. He was cited to account, and his motion to dismiss the petition of the executrix and to quash the order of the court directing the issuance of the citation and the citation itself was denied. His demurrer to the petition for the citation was overruled, and he was granted leave to answer. The citation to account was continued from time to time until February 24, 1920. The court thereupon ordered the writ of attachment to issue and Mr. Philbrook was arrested and brought into court on March 12, 1920. Upon his promise that he would appear in open court on March 22, 1920, and file a final account he was released upon his own recognizance. He failed to appear on March 22d and failed to file any final account. New attachment proceedings were instituted; Mr. Philbrook was again brought into court and directed to file his final account pursuant to the court's order, and upon his refusal so to do he was committed to the county jail until he should comply with the court's order.

The petitioner in his lengthy briefs set forth a great number of grounds to show that the commitment was without warrant of law.

[1] It is fundamental that on *habeas corpus* error in the exercise of jurisdiction cannot be considered. (*Ex parte Perkins,* 18 Cal. 60; *Ex parte Gibson,* 31 Cal. 619, [91 Am. Dec. 546]; *Ex parte McCullough,* 35 Cal. 97; *Ex parte Cottrell,* 59 Cal. 421; *Ex parte Sternes,* 77 Cal. 156, [11 Am. St. Rep. 251, 19 Pac. 275]; *Ex parte Ah Men,* 77 Cal. 198, [11 Am. St. Rep. 263, 19 Pac. 380]; *Ex parte Joutsen,* 154 Cal. 540, [98 Pac. 391]; *Matter of the Application of La Duc,* 161 Cal. 663, [120 Pac. 13].) While the writ was issued during

the time the petitioner was under arrest under a writ of attachment, when it was served and he was released, he was in custody not under the attachment but under a warrant of commitment. The return, however, shows that the order for the warrant of commitment and the warrant of commitment were but further steps in the same proceedings and upon the same facts as the arrest under the attachment under which the writ of *habeas corpus* was issued.

The superior court has power to punish for contempt. (Code Civ. Proc., sec. 1209.) The warrant of commitment recites that the petitioner in the immediate view, presence, and hearing of the court and while the court was in session refused to obey the "order of the court that he render the said final account," and that the court at the same time by its order adjudged and declared the petitioner "had been guilty of a contempt of said court by his refusal to obey the said order of said court that he render said final account," so that the commitment must be sustained, if at all, under subdivision 5 of section 1209 of the Code of Civil Procedure, as to disobedience of a lawful judgment, order, or process of the court.

The particular contentions of the petitioner are three: (1) That the court was without general jurisdiction to require him to account as the administrator of his deceased wife's estate; (2) that if it ever had such jurisdiction, the right of Mrs. Randall to invoke it had been lost by her failure to present a claim against Mrs. Philbrook's estate and the lapse of time; and (3) that upon his answer to the citation the court was not empowered to make the order for the disobedience of which the commitment was made. These contentions will be considered in their inverse order.

[2] If the court had jurisdiction of the proceeding and the right of the executrix of the Randall will had not been lost, there could be no question in regard to the propriety of the commitment. The original citation addressed to the petitioner was dated December 12, 1919. From the petition for the writ of *habeas corpus* it appears that the present petitioner appeared specially on December 30, 1919, and moved the court to dismiss the petition, and on January 9, 1920, he filed a demurrer to the original petition, which demurrer was overruled on January 20, 1920, time being granted to the petitioner here to answer, which was extended

by successive orders until February 24, 1920, at which time the present petitioner filed his answer to the petition. The petitioner does not in any way set forth the nature of his answer, nor does he state that in the answer there was any attempt on his part either to render the account he was ordered to render or facts or circumstances shown to explain why the account was not rendered.

It is then alleged that on February 26, 1920, in his absence and without notice the superior court ordered the petitioner to be arrested on the ground that he had refused to obey the citation. The allegations of fact are interspersed with statements such as that the order was made "upon the utterly false and insolently impertinent ground that I have refused to obey the said citation." Such statements add nothing to the fact that the order of February 26, 1920, was made. In the absence of a showing of any facts concerning the contents of the answer filed by the petitioner, it must be presumed that the order of February 26th was in the lawful and proper exercise of the judicial function. (Code Civ. Proc., sec. 1963, subds. 15, 16; *People* v. *Blackwell*, 27 Cal. 67.)

Attachment was issued on February 26, 1920, and the petitioner was arrested under the attachment and brought before the court on March 12, 1920. It appears from the copy of the order made on the last-mentioned day that it was ordered that Mr. Philbrook render and file the final account of the sums of money and other property of the Randall estate for which Florence E. Philbrook, deceased, as such administratrix, was chargeable and accountable to said estate. The order recites that "upon the stipulation and promise of the said Horace W. Philbrook, the said administrator appearing *in propria personam,* and upon the stipulation and promise of the said Lloyd M. Robbins, Esq., his said attorney, made in open court, that the said Horace W. Philbrook will, upon the twenty-second day of March, 1920, at 2 o'clock P. M. of said day, personally file said final account in open court, in Department Four, by delivering the same to the clerk thereof, and the said Lloyd M. Robbins, Esq., his said attorney then and there waiving any irregularities growing out of said continuance and at the request of the said Horace W. Philbrook, said administrator, and of his said attorney said Lloyd M. Robbins,

Esq.,'' it was ordered that the petitioner here be released on his own recognizance until March 22, 1920, at which time he was ordered to appear before the court to render and file the final account. It is contended by the petitioner here that the promise which he admits was made under the conditions stated was made under duress, because he claims he was illegally under arrest. The claimed illegality of that arrest will be considered under the other two contentions of the petitioner. He did not appear on March 22d in accordance with his promise and did not render the account he was then ordered to render. The attachment under which the petitioner was arrested for disobedience of the order of March 12, 1920, was issued on March 26, 1920, and the petitioner was arrested. The writ of *habeas corpus* was issued on March 24, 1920. The petitioner was arrested on that day and was taken before the court and the order of commitment was made. The entire record shows ample ground for the issuance of the attachment and the commitment if the petitioner's contentions in regard to the two jurisdictional questions are not well taken.

[3] The petitioner alleges that Florence E. Philbrook died on November 17, 1918, and that the petitioner was duly appointed administrator of her estate and qualified as such administrator on January 9, 1919. There is no allegation that he ever published notice to creditors in said estate, but it is argued that it must be presumed that he did what he should have done, and, therefore, that the time for presentation of a claim on the part of the estate of Randall must have expired between the time of his qualification as administrator of the estate of Florence E. Philbrook and the issuance of the citation on December 12, 1919. It is a fundamental rule of law that every essential fact must be stated in a pleading and this is true even in a *habeas corpus* proceeding. The allegations of the petition cannot be strengthened by this contention in opposition to the general presumption attaching to the regularity of judgments and orders of courts. Even though it appeared that notice to creditors had been given in all respects as required by law in the estate of Philbrook, the petitioner would be in no better position on this branch of the case. He relies on *In re Smith*, 108 Cal. 115, [40 Pac. 1037], to support his proposition that if the time for presentation of claims expired without a claim having been presented on the part of

the Randall estate, it is barred forever. Without making lengthy analysis of the opinion in *In re Smith,* it is sufficient to show that it does not sustain the petitioner's contention. In that opinion it was said that it was the duty of the sur-viving executor "to have presented a claim in his brother's estate, *or to have compelled an accounting of his brother's trust in equity."* (*In re Smith,* 108 Cal. 121, [40 Pac. 1039].) At that time section 1639 of the Code of Civil Procedure had not been adopted, but as was determined in *King* v. *Chase,* 159 Cal. 420, [115 Pac. 207], proceedings under that section take the place of the suit for accounting in equity. Under the decision in *In re Smith,* the executrix of the will in the Randall estate had open to her alternative remedies, and she is pursuing one of those remedies. Furthermore, the present proceeding in this court is not in the nature of an appeal or writ of error, but the investigation is confined solely to the question of jurisdiction.

[4] The principal contention of the petitioner is that because the letters of administration originally granted to Mrs. Philbrook in the estate of Randall were revoked before her death, there is no jurisdiction in the superior court in the estate of Randall to require the personal representative of Mrs. Philbrook to account. Prior to 1905, the statutes of this state contained no provision authorizing the superior court sitting in probate to require or settle accounts. (*King* v. *Chase, supra.*) Under that case, the sole method of requiring such an account is under the provisions of section 1639 of the Code of Civil Procedure. It provides that if any executor, administrator, or guardian dies, upon petition of the successor of such deceased executor, administrator, or guardian, the court may compel the personal representative of the deceased executor, administrator, or guardian to render an account of the administration of their testator or intestate and must settle such account as in other cases. Section 1629 of the Code of Civil Procedure provides that where the authority of the executor or administrator ceases or is revoked for any reason, he may be cited to account. After the revocation of the letters of Mrs. Philbrook, proceedings were instituted to require her to file her final account. These proceedings terminated by her death. The present proceedings are under section 1639 of the Code of Civil Procedure. The contention of the petitioner is that

he is not the personal representative of a deceased administrator, for the reason that Mrs. Philbrook had ceased to be the administratrix of the estate of Randall prior to her death.   While her letters had been revoked in her lifetime, and she had no further authority to act as administratrix, she had not rendered her final account and had not been discharged as administratrix.   The liability of Mrs. Philbrook was her liability as administratrix.   It appears to this court that to construe section 1639 of the Code of Civil Procedure in accordance with the petitioner's contentions would be extremely narrow, and the facts of this case as disclosed by the record support the construction placed upon the section by the superior court of Alameda County.

The multiplicity of other contentions made by the petitioner do not appear to require mention.   They have been examined, and, in the opinion of the court, none of them warrants the release of the petitioner on this proceeding.

It is ordered that the writ be discharged and the petitioner remanded to the custody of the sheriff of Alameda County.

Brittain, J., and Nourse, J., concurred.