[S. F. No. 9942.  In Bank.—March 2, 1922.]

## In the Matter of the Estate of HUMPHREY A. RANDALL, Deceased.

[1] ESTATES OF DECEASED PERSONS—SETTLEMENT OF ACCOUNT OF DECEASED ADMINISTRATRIX — VALIDITY OF ORDER.—A written order settling an account of a deceased administratrix, which purports to embody the action of the probate court as done and determined in open court at the time of the hearing, is valid, although not actually drawn by the judge and not signed by him on the date to which the matter of the hearing of the settlement of the account had been continued, and no other order having been made continuing the cause or the determination thereof to the date on which the order was signed.

[2] ID. — REMOVAL OF ADMINISTRATRIX — JURISDICTION TO ORDER ACCOUNTING.—A probate court has jurisdiction under section 1639 of the Code of Civil Procedure, as enacted in 1905, to require the administrator of the estate of a deceased administratrix of another estate to account to the latter estate or to the executrix thereof, although the letters of administration originally granted to the deceased administratrix had been revoked during her lifetime.

[3] ID. — ACCOUNTING ON BEHALF OF DECEASED ADMINISTRATRIX — PRESENTATION OF CLAIM UNNECESSARY.—The right to recover against the estate of a deceased administratrix of an estate for an amount claimed to be due from her as such administratrix is not lost by the failure or neglect to present a claim against her estate for the amount.

[4] ID.—OBJECTIONS TO ACCOUNT — VERIFICATION — WAIVER.—Written objections and exceptions to a verified account of an administratrix are probably pleadings which, under the provisions of section 446 of the Code of Civil Procedure, should be verified, but objection that they are not verified is waived where no objection on that ground is made on the hearing of the account and exceptions thereto that the latter are not verified.

[5] ID.—OBJECTIONS TO ACCOUNT—POWER OF COURT TO MAKE.—A probate court may upon its own motion, and without any objections being filed thereto, disallow or reduce any of the items in an administrator's account which it may, upon its own examination thereof, find to have been improperly charged.

[6] ID.—APPEAL — INSUFFICIENT RECORD.—Where an appeal is based upon a bill of exceptions which does not pretend to contain all of the evidence presented to the trial court upon the hearing of an account in the estate of a deceased person, and does not con-

tain any specification of the insufficiency of the evidence to justify the decision of the court as to the disallowance and rejection of certain items of the account, the questions cannot be reviewed.

[7] ID.—BILL OF EXCEPTIONS—PRESUMPTION.—There is no presumption on appeal that a bill of exceptions embraces all of the evidence in the case, but only so much thereof as is material to the exceptions assigned.

APPEAL from an order of the Superior Court of the County of Alameda settling the account of a deceased administratrix. E. C. Robinson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Horace W. Philbrook for Appellant.

Fitzgerald, Abbott & Beardsley for Respondent.

THE COURT.—This is an appeal from an order of the superior court, sitting in probate, settling the account of Florence E. Philbrook, as administratrix with the will annexed of the estate of Humphrey A. Randall, deceased, presented by Horace W. Philbrook, as administrator of the estate of Florence E. Philbrook, in said estate of Randall, of which said Florence E. Philbrook, deceased, prior to her death had been such administratrix.

The facts shown by the record and as recited in said order are these: On February 15, 1915, letters of administration with the will annexed were granted and issued by the superior court of the county of Alameda, in the matter of said estate of Randall to Florence E. Philbrook. These letters of administration were subsequently revoked by said court by an order which appears to have been duly and regularly given and made on April 3, 1917, at which time Anne Bates Randall was appointed and thereafter duly qualified as the executrix of said estate. Thereafter and on November 17, 1918, Florence E. Philbrook died without having rendered or filed a final account of her administration of said estate, whereupon Horace W. Philbrook applied for and received letters of administration of her estate in the superior court of the city and county of San Francisco, the place of her residence at the time of her death, and duly qualified as such administrator. Thereafter and on the fourteenth day of June, 1920, Horace W.

Philbrook, as the personal representative of said Florence
E. Philbrook, deceased, and as the administrator of her
said estate, presented and filed in the superior court of
Alameda County, in the said matter of the estate of Ran-
dall, the final account of Florence E. Philbrook, deceased,
as administratrix with the will annexed of said estate;
whereupon the said court appointed the twenty-eighth day
of June, 1920, as the day for the settlement of said ac-
count, notice of which time and place of said settlement
of said account was duly given and made as required by
law and by the order of said court, and said account came
on regularly for settlement on said appointed day, where-
upon Anne Bates Randall, as executrix of said estate,
presented and filed her objections and exceptions to said
account, whereupon the hearing upon said account and
the objections thereto was by the court continued to July
8, 1920, and upon said day was further continued to the
nineteenth day of July, 1920, on which last-named date
Anne Bates Randall, as such executrix, presented and filed,
by leave of the court, certain amendments to her objections
and exceptions to said account. Thereupon the matter was
further continued for hearing to July 26, 1920, and was
then and thereafter by various minute orders of the court
appearing to have been duly and regularly made, con-
tinued to September 13, 1920, on which last-named date
the matter of the settlement of said account and of the
said objections and exceptions thereto as amended came
on regularly to be heard, the parties thereto being present
or represented in court and no objection to the hearing
upon said final account and the objections and exceptions
thereto or to the settlement thereof being made. Thereupon
the court proceeded to hear and determine said matters.
The record in respect to the proceedings of the court at
said time appears to show that whatever disposition the
court made thereof on said day and at the time of the
hearing thereon was oral and was done in open court,
no minute entry or written order being at the time made
or filed; but thereafter and on September 18, 1920, the
court did sign and file its written order settling said ac-
count, which written order purported on its face to be the
order which was made in open court on September 13, 1920,
and to have been signed upon said last-named date. The

bill of exceptions shows that the said written order of the court had, between the thirteenth and the eighteenth days of September, 1920, been prepared by the attorneys for the said executrix and presented to the judge of said court for signature upon said last-named day, and had then been signed and filed, the said Horace W. Philbrook not having participated in the drawing of said order nor being present at the time of the signing and filing thereof. It is from the order thus made and filed and thereafter entered that this appeal has been taken.

[1] The first contention which the appellant urges upon this appeal is that the order appealed from, not having been actually drawn and signed by the judge of said court upon the date to which the matter of the hearing of the settlement of said account had been continued, and no other order having been made on said day continuing said cause or the determination thereof to a later day, the said order as actually signed and filed on September 18, 1920, is void. There is no merit in this contention. The appellant makes no claim that said written order as thus signed and filed does not in fact conform to and embody the determination of said matter as arrived at by the court on the day of the hearing thereon. The order on its face purports to embody the action of the court as done and determined in open court at the time of the hearing of said matter on September 13, 1920. The fact that the drawing of the formal order was committed to the attorneys for the executrix and that said formal order was drawn and presented by them to the court for signing on the date of its actual signature is immaterial, but is in accord with the common and immemorial practice of courts in respect to the preparation of important orders and decrees which courts have directed to be made. The order when so prepared and signed is as much the order of the court as though the judge of the court had himself written it in its final form. The proceedings were not dropped or discontinued or abandoned in the interim, but were merely in suspension until such time as the preparation of such formal order as the court had determined upon or directed to be made could be accomplished. This having been done and the said formal order when so prepared having been signed by the court as "done in open court" on the date

of the hearing, it became, when so signed and filed, the formal and final order of said court as of said date. The presence or absence of the parties or their counsel when such order was actually signed and filed would be entirely immaterial, since it embodied the · action which the court had taken and determined upon the hearing of said matter and in the presence of the parties thereto. (*Brownell* v. *Superior Court*, 157 Cal. 703 [109 Pac. 917].)

[2] The next contention of the appellant is that the probate court had no jurisdiction to require the appellant, as administrator of the estate of Florence E. Philbrook, deceased, to account to the estate of Randall or to the executrix thereof by reason of the fact that the letters of administration originally granted to said Florence E. Philbrook had been revoked during her lifetime, and she was not therefore the administratrix of said estate at the time of her death. It is the appellant's contention that the remedy of the executrix of the estate of Randall in such a state of facts was in a court of equity. He cites some early cases in this court as supporting this contention. Prior to the year of 1905 such may have been the rule, but in that year it was changed by the enactment of section 1639 of the Code of Civil Procedure, which expressly provides for the proceedings followed in the instant case. This same question was presented to the district court of appeal in the case of *In re Philbrook*, 47 Cal. App. 678 [191 Pac. 77], wherein the identical order assailed upon this appeal was considered and its validity as against the appellant's present contention sustained. The same question was presented to this court also by the appellant upon his application for a writ of *habeas corpus* following the decision of the district court of appeal above cited, and was decided against his contention by denial of his application for such a writ. It is, therefore, no longer open to review upon this appeal.

[3] This conclusion also applies to the appellant's next contention, which is that the executrix of the estate of Randall, having failed or neglected to present a claim against the estate of Florence E. Philbrook for the amount claimed to be due from her as the former administratrix of said estate, cannot now recover upon said claim or require her administrator to account for or pay to said

estate of Randall the amount claimed to be due thereon.
This question was also presented to the district court of
appeal and to this court in the applications of the appellant
herein for writs of *habeas corpus* (*In re Philbrook, supra*),
and was decided adversely to his contention. We see no
reason to modify the views expressed by the district court
of appeal nor the conclusion reached by this court upon
said applications, and, hence, hold the present contention
of the appellant upon this point to be without merit.

[4] The appellant next contends that the court erred
in its disallowance and reduction of certain items in said
account relating to attorney's fees. The first point which
he urges in support of this contention is that the original
objections and exceptions of the executrix to said account
were not verified. The appellant is probably correct in his
insistence that these written objections and exceptions of the
executrix made and filed to the appellant's verified account
were pleadings which, under the provisions of section 446
of the Code of Civil Procedure should have been verified
(Code Civ. Proc., secs. 1635, 1713). Conceding this to be
true, it still remains a sufficient answer to appellant's
point in this regard that no objection was made on the
hearing of said account and upon said exceptions thereto
that the latter were not verified. We think that the appel-
lant's objection thereto must be held to have been thereby
waived. In the *Estate of Marre*, 127 Cal. 128 [59 Pac.
385], oral objections were presented by a contestant upon
the hearing on an administrator's account to which the ob-
jection was not made that they were not in writing, as re-
quired by section 1635 of the Code of Civil Procedure, and
the trial court proceeded without objection to hear and
determine the matter of said account and the objections
thereto. It was held that the objection that said exceptions
to said account were oral was thereby waived, for the
reason that if the appellant had objected at the hearing
to this method of procedure and had demanded that the
contestants reduce their objections to writing, the court
would doubtless have required the contestants to comply
with the rule of practice prescribed in such cases. The like
reasoning applies to the appellant's contention that the ob-
jections and exceptions of the executrix were not verified,
since if the point that contestants' objections and excep-

tions were not in writing would be thus waived, it follows necessarily that their lack of verification would be also waived by the failure to object to their consideration at the hearing upon that ground. But there exists an even better reason why the appellant's contention that the trial court was in error in disallowing and reducing the items embracing his claims for attorney's fees upon the ground that the objections thereto were not verified is unsound. [5] It is that the court may upon its own motion, and without any objections being filed thereto, disallow or reduce any of the items in an administrator's account which it may, upon its own examination thereof, find to have been improperly charged. In *Estate of More,* 121 Cal. 635, 639 [54 Pac. 148], it was held that "whether exceptions are filed or not, the court should carefully examine every account presented for settlement and be satisfied that it is in every respect practically correct before entering an order settling it." "The probate court," says this court in *Hirshfield* v. *Cross,* 67 Cal. 661 [8 Pac. 507], "is the guardian of the estates of deceased persons and has control of the person appointed by it to administer the estate subject to review as provided by law." And in *Estate of Sanderson,* 74 Cal. 199 [15 Pac. 753], it was held that "it is the duty of the court carefully to scrutinize the account and reject all claims of the executor illegal in themselves or unjust in fact."

[6] It is, however, the further contention of the appellant that the trial court erred in its disallowance and reduction of certain items in his account relating to attorney's fees; that the record herein shows that no evidence was presented by the contestant or heard by the court touching the incorrectness of the account in these respects. The difficulty with this contention is that the appellant presents his case upon a bill of exceptions which does not pretend to contain all of the evidence presented to the trial court upon the hearing of said account, nor does it contain any specification of the insufficiency of the evidence to justify the decision of the court as to the disallowance and rejection of the items in said account referring to attorney's fees, as required by section 648 of the Code of Civil Procedure. [7] There is no presumption, as appellant insists, that a bill of exceptions embraces all of the evidence in the case,

but only so much thereof as is material to the exceptions assigned. (2 Hayne on New Trial and Appeal (Rev. ed. 1912), sec. 258, p. 1444.) In the absence of such specification and of the evidence in the case, the appellant's contention in this regard is not available to him upon this appeal.

This conclusion also applies to the appellant's final contention as to the alleged error of the court in the disallowance of certain commissions and costs of said administratrix as set forth in her said account, neither specification nor evidence being presented as a basis for such contention.

Order affirmed.

Richards, J., *pro tem.*, Shaw, C. J., Lawlor, J., Wilbur, J., Shurtleff, J., Sloane, J., and Waste, J., concurred.