[Sac. No. 3928. In Bank.—February 6, 1928.]

In the Matter of the Estate of ABRAHAM EVERSTINE CLARY, Deceased.

Griffin & Boone and Edward T. Taylor for Appellant.

Grant & Bailey for Respondent.

SEAWELL, J.—Upon the petition of appellant for a hearing by this court of this cause after decision by the district court of appeal, third appellate district, Plummer, J., writing the opinion, an order of transfer was duly made and the cause is now before us for decision. We have given further consideration to the opinion and decision rendered by said district court of appeal, and have become satisfied that its decision correctly interprets and applies the law by which cases of this character must be ruled. We, therefore, adopt practically the entire opinion as prepared by the said district court of appeal as our opinion, adding thereto brief observations which seem pertinent in view of the arguments contained in the petition for a hearing filed in this court. The opinion follows:

''This matter is before us upon an appeal from an order of the superior court made and entered in the matter of a proceeding had and taken in said estate, as authorized and provided for in section 1639 of the Code of Civil Procedure, requiring the personal representative of Charles M. Clary, deceased, to account to the estate of Abraham E. Clary, deceased, for the balance due upon a promissory note made and executed by Charles M. Clary to Abraham E. Clary.

"It appears from the record that on or about the first day of August, 1918, Charles M. Clary made, executed and delivered to Abraham E. Clary his promissory note for the sum of $3,000, due one day after date; thereafter, and while this note was uncollected, the said Abraham E. Clary died testate in the county of Yolo and Charles M. Clary and E. F. Clary, pursuant to the last will and testament of said Abraham E. Clary, were appointed and on the 6th day of December, 1920, qualified as the executors of the estate of Abraham E. Clary, deceased; thereafter, and on or about the 4th day of April, 1921, the said Charles M. Clary died intestate in the county of Monterey, state of California. Certain payments were made upon said promissory note by the said Charles M. Clary and upon the accounting taken and had in the superior court of Yolo county, the sum of $2,965.91 was found to be the remainder due upon said note, against which sum, the distributive share of $1,257.50 otherwise coming to the estate of Charles M. Clary, deceased, from Abraham E. Clary, deceased, was ordered retained as an offset and payment *pro tanto* of the moneys due from the estate of Charles M. Clary, deceased, to Abraham E. Clary, deceased.

"This matter was before this court upon a previous appeal, wherein it was sought to adjudicate questions relative to the indebtedness of the estate of Charles M. Clary to Abraham E. Clary, upon distribution in the estate of Abraham E. Clary, deceased. (*Estate of Clary*, 71 Cal. App. 22 [234 Pac. 851].) Upon that appeal it was held by this court that the court had no jurisdiction to hear and determine the matter of an accounting on the part of the personal representative of the estate of Charles M. Clary, deceased, for moneys due the estate of Abraham E. Clary, deceased, upon distribution, and thereupon to order a set-off or retainer of the distributive share of the estate of Abraham E. Clary, deceased, which would otherwise be due and payable to the estate of Charles M. Clary, deceased, as payment *pro tanto* of the indebtedness of Charles M. Clary, deceased, to the estate of Abraham E. Clary, deceased; that section 1639 of the Code of Civil Procedure specified the procedure which must be taken in such cases and that such procedure is now the exclusive remedy; that such an ac-

counting cannot be had upon distribution, nor can such an accounting be had in a suit in equity. The portion of the decree of the superior court sitting as a court of probate purporting to adjudicate these matters was reversed. As we read the opinion of the *Estate of Clary, supra,* no other questions were adjudicated and determined upon the former hearing of this cause, and, therefore, there is no basis for the plea of *res adjudicata* urged by appellant upon this hearing. It is further specifically pointed out in the opinion to which we have referred that the procedure provided by section 1639 of the Code of Civil Procedure is the one to be followed by the executor of the estate of Abraham E. Clary, deceased, in order to compel the desired accounting. The language of the opinion is: 'the proceeding for such accounting must be inaugurated under said section of the Code of Civil Procedure,' and then concludes that, as the court did not follow such procedure, the action taken by it was without jurisdiction. The opinion referred to does cite a number of authorities in which it is held that assets cannot be collected upon distribution, but there is nothing in the opinion which prohibits, or in any way tends to prohibit, the superior court of Yolo county, on the going down of the *remittitur,* from proceeding, if proper pleadings were filed therefor, under section 1639 of the Code of Civil Procedure, to enforce the desired accounting.

"Upon the going down of the *remittitur,* after the prior hearing of this cause, the surviving executor of the estate of Abraham E. Clary, deceased, instituted proceedings under and in accordance with the provisions of section 1639 of the Code of Civil Procedure to enforce an accounting by the representative of the estate of Charles M. Clary, deceased, of the amount of property and moneys in his hands belonging to the estate and constituting a part of the estate of Abraham E. Clary, deceased, at the time of the death of said Charles M. Clary, deceased, and upon this accounting an order fixing the indebtedness, as we have herein stated, was made in the probate court of Yolo county.

"The proceedings had in the first instance leading to the first appeal and the proceedings had in the appeal now before us were and are both based upon section 1447 of the Code of Civil Procedure, under the terms of

which all moneys due from the executor to a testator at the time the executor qualifies as such become assets of the estate of the testator in the hands of the executor, and hence renders the executor liable for the same as if so much money was in his hands. The note in this case was due at the time of the qualification of Charles M. Clary as executor of the estate of Abraham E. Clary, deceased, but against this note the statute of limitations had not yet run. This period would not have expired until some eighteen months after the death of Charles M. Clary, deceased. The exact dates are immaterial. No accounting was ever made or rendered by Charles M. Clary, as executor of the estate of Abraham E. Clary, deceased, of the amount due upon said note or of what the codes specify shall be considered as so much cash in his hands, nor was any accounting ever made or had thereof by the personal representative of Charles M. Clary, deceased, until the institution of the proceedings herein. The surviving executor of the estate of Abraham E. Clary filed an account of his administration of said estate called a 'final account' and, also, a report therewith. In the account, termed a 'final account,' the surviving executor, E. F. Clary, made no mention of the promissory note herein referred to, but did attempt, as we have herein stated, to make collection of the same upon distribution as therein prayed for.

■ "Upon this appeal it is urged that the whole matter presented herein was and is *res adjudicata,* also, that the proceeding is barred by the statute of limitations. A number of cases are cited upholding the finality of a final account, from which no appeal has been prosecuted, or which has been adjudicated upon appeal, in addition to urging that the questions involved herein have once been passed upon by this court, which we have just stated to be without merit. That an account becomes final as to all matters adjudicated, the authorities abundantly establish, but it is also true that it is not final as to nonadjudicated items. The text writer in 24 C. J., page 1029, section 2484, thus states the rule: 'A final settlement is conclusive as to all matters, the proper subject of account, included in such a settlement or necessarily involved therein; but it is not conclusive as to matters not included or necessarily involved therein,

or as to matters not within the jurisdiction of the court. The settlement is not conclusive as to assets not accounted for in such statement or received thereafter, but as to such assets the personal representative may be required to make a further settlement.' In the *Matter of Estate of Ross,* 179 Cal. 358 [182 Pac. 303], the Supreme Court, having before it this same question, there said: 'The settlement of an account is not conclusive except as to such items as are included in it and actually passed upon by the probate court.' See, also, *Estate of Adams,* 131 Cal. 415 [63 Pac. 838], where the same holding is had.

▮ ''When Charles M. Clary, on the 6th day of December, qualified as an executor of the last will and testament of Abraham E. Clary, deceased, he became a voluntary trustee of the property and assets of the estate of Abraham E. Clary, deceased, holding the same for the benefit of the devisees and legatees, under the terms of the last will and testament of Abraham E. Clary, deceased. Thus, as pointed out in 16 California Jurisprudence, page 420 et seq., sections 30 to 37, the rule is that the statute of limitations does not run where the parties occupy a fiduciary relationship toward each other, so long as such relationship is not repudiated. Thus, a guardian may not acquire title by adverse possession against his ward, nor an agent against his principal, nor an executor against the heirs. As to the latter, the rule is stated in this language: 'Pending the administration of an estate, the possession of an administrator is not adverse to that of an heir; he cannot acquire an adverse title by possession for the statutory period.' In *MacMullan* v. *Kelly,* 19 Cal. App. 700 [127 Pac. 819], the court, having before it the question of the running of the statute of limitations where one occupied the position of a voluntary trustee, thus announced the rule: 'It is a rule of law in this and other jurisdictions that the statute of limitations does not begin to run in favor of a defendant chargeable as the trustee of an express trust during the life of the trust. In order to set the statute in motion it is necessary that such a trustee, by some act or declaration, positively and unequivocally repudiate the trust, and that notice of such repudiation be brought home to the beneficiary. This rule is so well settled and so generally recognized

that no argument is necessary to support its reiteration.'
The court then cites a number of cases supporting the rule.
The same rule is set forth in the case of *Taylor* v. *Morris,*
163 Cal. 717 [127 Pac. 66]. In the case of *Elizalde* v.
*Murphy,* 163 Cal. 681 [126 Pac. 978], the court had before
it the consideration of a plea of the statute of limitations
against requiring the representative of a deceased person
to account for funds belonging to the estate and held as fol-
lows: 'The action was simply an action for an accounting—
an action to compel the personal representative of a trustee
after his death, and the sureties upon his bond as such
trustee, to give an account of the property held by the trus-
tee, and of the administration of the trust, to have that
account audited and settled by the court, and a balance
struck,' citing *Osment* v. *McElrath,* 68 Cal. 466 [58 Am. Rep.
17, 9 Pac. 731]. The duty of the administrator to account
is a continuing duty and does not become barred. (*Estate
of Sanderson,* 74 Cal. 199 [15 Pac. 753]; *Cook* v. *Ceas,* 147
Cal. 614 [82 Pac. 370].) It was held in that case that
an accounting does not depend upon any questions of fraud
or malversation. It was simply a duty of the administrator
or executor, while alive, to account for the trust funds in
his hands, and upon his death, the duty of the personal rep-
resentative so to do.

"In behalf of their plea appellants cite the case of *Minifie*
v. *Rowley,* 187 Cal. 481 [202 Pac. 673], and refer to the
following language contained in the opinion: 'The naming
of a person as executor does not thereby discharge him from
any just claim which the testator has against him, but the
claim must be included in the inventory, and the executor is
liable for the same, as for so much money in his hands,
when the debt or demand becomes due. (Code Civ. Proc., sec.
1447.) As a necessary consequence, if defendant Forrest S.
Rowley owed the ten thousand dollars here in controversy on
June 3, 1915, when he became executor, he became charge-
able with that sum as for so much money in his hands and
continued liable therefor, irrespective of the running of the
period of the statute of limitations against the debt itself,
by reason of the change in the character of his obligation
due to his intervening fiduciary capacity.' From this it is
argued that the statute of limitations has run against the

note involved in this action and therefore that an accounting cannot be had. The language quoted, however, holds exactly the contrary. As we read it it means that irrespective of the lapse of time which would ordinarily bar an action upon the note, the executor, by reason of his fiduciary capacity becoming chargeable with the note in his hands as so much money, is in that capacity precluded from pleading the bar of the statute and, therefore, so long as the trust relation continues, the statute does not run. The duty to account is a continuing one, as stated in *Elizalde* v. *Murphy,* and devolved upon Charles M. Clary until the date of his death and immediately devolved upon his personal representative, and applying the reasoning of the court in the case of *Minifie* v. *Rowley,* the fiduciary relationship of the parties stops the running of the statute and precludes reliance upon such plea, irrespective of whether the statute might or might not have been pleaded as against an action on the note itself.

"Likewise, the facts in the case of *Estate of Schaeffer,* 53 Cal. App. 493 [200 Pac. 508], render it readily distinguishable from the case at bar. In the Schaeffer case the note against which the right of retainer or set-off was claimed was barred by the statute of limitations before the death of the testator and hence there was neither right nor remedy existing at the time of the appointment of an executor or administrator. Furthermore, in the Schaeffer case, no relationship of trust or confidence had been created prior or subsequent to the running of the statute. In the case at bar there was a subsisting and enforceable obligation both at the date of the death of the testator and upon the qualification of Charles M. Clary as an executor, nor does the question of retainer or set-off strictly arise in this case as against the heirs of Charles M. Clary, deceased. Under our procedure and the law of this state whatever portion of the estate of Abraham E. Clary, deceased, should or may finally reach the possession of the heirs of Charles M. Clary, deceased, does not affect the rule applicable here, as distribution of the estate of Abraham E. Clary, of the portion, if any, distributable to Charles M. Clary, deceased, would not and could not be made to his heirs, but only to his estate to be taken possession of by his personal representative,

administered upon, and then distributed. Under the rule announced in *Estate of Pina,* 112 Cal. 14 [44 Pac. 332], followed in *Estate of Strong,* 119 Cal. 663 [51 Pac. 1078], and, also, the case of *Galvin* v. *Mutual Savings Bank,* 6 Cal. App. 402 [92 Pac. 322], the heirs of Charles M. Clary, deceased, would take the residue of his estate only after administration had thereon, payment of debts, etc., and the ascertainment of who the heirs of Charles M. Clary are. The right of retainer or set-off is recognized as applicable upon distribution in this state. (*Estate of Gamble,* 166 Cal. 253 [135 Pac. 970]; *Estate of Angle,* 148 Cal. 102 [82 Pac. 668].) In states where the law and procedure concerning the devolution, administration and distribution of estates are different from that which prevails in California, and the remote heirs take directly and not from their immediate ancestor, it is held that children stand in the same position as the father when the question of the right of retainer or set-off of a debt due by the father to the estate of the grandfather of the children is involved. (*Adams* v. *Yancey,* 105 Miss. 233 [47 L. R. A. (N. S.) 1026, 62 South. 229]; note to *Stenson* v. *H. S. Halvorson Co.,* Ann. Cas. 1916D, 1294; *Wilson* v. *Channell* [102 Kan. 793, 175 Pac. 95], 1 A. L. R. 987, and extended note beginning on page 991; see, also, *Woods et al.* v. *Knotts et al.* [196 Iowa, 544, 194 N. W. 953], 30 A. L. R. 768, and annotations thereto beginning on page 775.) In many of the cases cited in the annotations to the cases referred to, debts barred at the time of the death of the testator are allowed to be set off. It may be stated that there are some decisions cited in the notes holding that the right of retainer or set-off does not exist as to remote heirs, who succeed directly and not from the immediate ancestor, but the great weight of authority is to the contrary, and the cases which hold that the right of retainer or set-off cannot be exercised as against remote heirs, have no application in this state for the reasons which we have stated that they are only entitled to the residue of the estate coming to the immediate ancestor after payment of his debts, as ascertained upon administration of the immediate ancestor's estate.

■ "Appellants further object that no claim was ever filed by the surviving executor of the estate of Abraham E.

Clary, deceased, against the estate of Charles M. Clary, deceased, citing the case of *In re Smith,* 108 Cal. 115 [40 Pac. 1037]. This case, however, has been overruled and the procedure adopted by the surviving executor which we have been considering, is held to be the proper procedure. *In re Philbrook,* 47 Cal. App. 678 [191 Pac. 77]; *Estate of Randall,* 188 Cal. 329 [205 Pac. 118], hold that the filing of a claim is not prerequisite to instituting proceedings for an accounting under section 1639 of the Code of Civil Procedure.

■ "Under the various provisions of article II of chapter X of the Code of Civil Procedure it is the duty of an executor and coexecutor to account for all moneys coming into their hands and for all moneys and properties with which they are chargeable, and this duty was incumbent upon Charles M. Clary, deceased, irrespective of a like obligation which rested upon his coexecutor, E. F. Clary.

"The proceeding before us is one for an accounting and is not one involving collection of assets upon distribution, as was the case upon the prior appeal in the *Estate of Clary,* 71 Cal. App. 22 [234 Pac. 851], and, as we have said, the cases there relied upon and necessitating a reversal are not applicable here, save and except in so far as they hold that the proceeding now before us is the one that should have been taken in the first instance. . . . "

There can be no doubt that some of appellant's contentions are given more than a mere show of color by certain earlier decisions of this court, especially those rendered prior to the enactment of section 1639 of the Code of Civil Procedure, by the legislature of 1905 (Stats. 1905, p. 216), which provides for the settlement of a deceased executor's accounts by the personal representative of such deceased executor. "Formerly," as stated by the code annotations, "there was no way of settling such accounts except by suit in equity, which is expensive, unnecessary and less expeditious" than the mode proposed by said amendment. ■ It is the trend of recent decisions to extend the jurisdiction of the probate court over such matters as are essentially involved in the probate and settlement of estates, especially where the subject matter has been in said court contested by all parties in interest. (*Bauer* v. *Bauer,* 201 Cal. 267, 770, 771

[256 Pac. 822].) The amendment of 1905, section 1639 of the Code of Civil Procedure, illustrates the tendency of the legislature to extend the jurisdiction of the probate court over controversies where no legal right is curtailed by so doing, rather than to send the parties into a court of equity at much sacrifice of time and expense. The probate court "is the guardian of the estates of deceased persons and has control of the person appointed by it to administer the estate subject to review as provided by law. . . . It is the duty of the court carefully to scrutinize the account and reject all claims of the executor illegal in themselves or unjust in fact." (*Estate of Randall*, 188 Cal. 329 [205 Pac. 118].) By parity of reasoning it would be its duty to charge either or both executors with debts which they owe the estate and which have been omitted from the account irrespective of the causes of omission or the method by which such indebtednes may be brought to its notice.

The *Estate of Walker*, 125 Cal. 242 [57 Pac. 991], upon which appellant relies as an authority nullifying the provisions of section 1447 of the Code of Civil Procedure, does not do so. That case prescribes the formula as to the kind of judgment that should be rendered in case an administrator is a debtor of the estate he is administering. It does hold, however, that he "should be charged with the entire sum, including the debt due from himself and the decree should show what portion of that amount consisted of debts due from the administrator which he reported as cash on hand. Of course, if it appears that he actually has the money, this formula would be unnecessary." In the instant case, the executor, C. M. Clary, deceased, had earned a portion of his commission as an executor, which was due him from the estate. As Clary could not sue himself and as it was "his duty to collect the debt for the estate, he must be held officially liable for any money he could have so applied at any time during his official term. If he has not so applied it, he has not faithfully executed the duties of his trust according to law. . . . " (*Estate of Walker, supra.*) It was C. M. Clary's duty to report his indebtedness to the probate court and to have paid it, if it was possible for him to have done so. The commissions earned by him could and should have been applied

to his indebtedness. The fact that he died pending the administration of the estate did not affect the situation in any sense. Estate of Walker really supports respondent. All other points raised by appellant seem to be sufficiently disposed of by the opinion of the district court of appeal.

The order and decree appealed from are affirmed.

Richards, J., Shenk, J., Curtis, J., Preston, J., and Waste, C. J., concurred.