[Civ. No. 20281. Fourth Dist., Div. Two. July 17, 1979.]

Estate of OSCAR KAIN SCHNEIDER, Deceased.
BANK OF AMERICA, as Trustee, etc., Petitioner and Respondent, v.
VITA A. GARRETT, Objector and Appellant.

**COUNSEL**

Charles W. Anshen for Objector and Appellant.

Erwin & Anderholt and David J. Erwin for Petitioner and Respondent.

**OPINION**

**SCOVILLE, J.\*—** In this case we hold that a trustee of a testamentary trust having income producing assets must account for all gross income of the trust and not merely for net income.

 We further hold that as to objecting income beneficiaries of the trust neither the doctrine of res judicata nor the statute of limitations is applicable.

### STATEMENT OF FACTS

On September 10, 1969, the testator died leaving a will which created a testamentary trust. Bank of America National Trust and Savings Association was named trustee. The corpus consisted of a piece of real property, known as Hawaiian Village Apartments. The trust provides for payments to the wife of the testator of $500 per month and the trustee is directed to employ said wife as the office manager and operator of the real property known as Hawaiian Village.

From November 5, 1971, to November 15, 1977, the trustee filed seven alleged annual accountings. The total income and total expenses of the trust asset were not revealed in any of these accounts. However, a monthly rental statement and periodic profit and loss statements were sent to each beneficiary by the wife. The trustee did not include any profit and loss information in the yearly accounts.

Appellant is one of the four beneficiaries who are entitled to distribution of the balance of any net income after specific payment to the wife. They are also the distributees upon termination of the trust.

The gross yearly income of the trust on the last account which was not reported is approximately $189,000. The trustee's accounting only showed

---

*Assigned by the Chairperson of the Judicial Council.

income of $60,271.71 of which income from the apartments was shown as $35,181, and other income of $25,090.71. Adding $25,090.71 to the apartment gross income shows total yearly income amounting to $214,090. Of that amount only $60,271 was reported to the court leaving a balance unreported in the accounting or anywhere visible to the court of $153,819. Expenses attributable to that income were also unreported. Wife is not an employee of the trustee. She is not bonded. The trustee does not audit the expenses of the trust incurred by the manager nor check her receipts but merely reviews cancelled checks written by the manager against ledger entries made by the manager.

From 1970 through 1978 the trustee has been paid $38,889 for administration and accounting. For the same period the trustee was allowed $3,700 for attorney fees to present the accounts, none of which reflected either total income of the trust nor total expenditures of the trust.

On December 5, 1977, appellant filed objections to the seventh account and report and objections to prior accounts and for removal of the trustee. The overruling of all objections by the trial court forms the basis of this appeal.

### FINALITY OF ORDERS

Where a trustee who has knowledge of income fails to account for that income there is nothing to which the jurisdiction of the probate court can attach, and the finality of an order can only attach to the disclosed accounting and rendered report of the trustee *not* to undisclosed matters.

Probate Code section 1123 provides, "A decree rendered under the provisions of this chapter, when it becomes final, shall be conclusive upon all persons in interest, whether or not they are in being."

A decree rendered under section 1123 when it becomes final shall be binding and conclusive upon all persons in interest. Thus section 1123 when read with section 1120 leads us to classify these as proceedings in rem and attach to final orders of the court a special decree of finality similar to that confirmed on orders in probate proceedings *providing* the trustee has accurately and fully accounted for all income and assets of the trust. Unfortunately, the trustee has not fully accounted herein and the special decree of finality is not here applicable.

Where an accounting of gross income was never presented by a trustee to the probate court it is obvious that the issue of an accounting was never determined by the court and is not res judicata on the accounting issue. (See *Estate of Liddle,* 162 Cal.App.2d 7, 13 [328 P.2d 35].) In that case the court stated on page 13, " '. . . [A]nd when it affirmatively appears that an issue was not determined by the judgment, it obviously is not res judicata upon that issue. A judgment is not an adjudication as to matters which the court expressly refrains from determining.' "

Section 1120 does not require periodic accountings to be filed by the trustee nor does it direct the court to require the trustee to bring before the court matters of administration if the trustee and the beneficiary choose not to do so.

It is common practice for professional and nonprofessional testamentary trustees to seek periodic judicial settlement of their accounts and to request judicial instructions whenever the parties are in doubt as to the course of administration.

This procedure provides effective protection to the trustee if the trustee fully and accurately reports all income and trust transactions within his knowledge.

By express provisions of Probate Code section 1120, a rather broad jurisdiction has been granted to the superior court sitting in probate over matters involving the administration of testamentary trusts. The statute provides, in part: "[W]hen a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust, . . . of settling the accounts and passing upon the acts of the trustee, . . . and for the other purposes hereinafter set forth."

The purposes enumerated in the section make clear the trustee's right to render periodic accountings for settlement by the court and to seek instructions as to the administration of the trust.

The settlement of a trust account is not conclusive on income beneficiaries except as to items included in the account and actually passed on by the probate court. (*Estate of de Laveaga,* 50 Cal.2d 480 [326 P.2d 129], involved an appeal from a judgment directing a testamentary

trustee to pay to an executrix of life tenant the income earned during probate. In that case the appellant remainderman contended that the doctrine of res judicata compelled the conclusion that the life tenant's claim was precluded by the orders settling the trustee's previous accounts. The court ruled, however, that the settlement of an account is not conclusive except as to items as are included in it and are actually passed upon by the probate court. (See, *Estate of Clary* (1928) 203 Cal. 335, 340 [264 P. 242]; *Estate of Ross* (1918) 179 Cal. 358, 362 [182 P. 303]; *Estate of Adams* (1901) 131 Cal. 415, 417 [63 P. 838]; *Estate of Hovland* (1940) 38 Cal.App.2d 439, 446 [101 P.2d 500].)

## STATUTE OF LIMITATIONS

Appellant remainderman's contention that the life tenant's claim is barred by the statute of limitations is on this record likewise without merit.

 The obligation of a trustee to account is a continuing duty, and the beneficiary's right to demand an accounting runs with that duty and may be asserted so long as that duty remains unperformed. (See *Estate of Clary, supra,* 203 Cal. 335; *Elizalde* v. *Murphy* (1912) 163 Cal. 681 [126 P. 978].)

## ACCOUNTING

By paragraph 13 of the court decree dated and filed September 17, 1970, the trustee was given in part the following powers: "13. The Trustee shall have full power and authority to determine, in its absolute discretion, what shall constitute principal of the trust estate, gross income therefrom and net income distributable under the terms of this trust, except as herein otherwise specifically provided, and the determination of the Trustee with respect to all such matters shall be conclusive upon all persons howsoever interested in this trust."

 We reject any argument that the above quoted trust provision of the trustee's power to determine just what constitutes principal, gross income and net income relieves in any way the trustee's obligation to account fully to the court all gross income.

By analogy to normal probate procedures an executor or administrator must render and file with the clerk a verified account showing the amount of money received and expended by him. Probate Code section 921

provides: "Whenever required by the court or a judge thereof, either upon its or his own motion or upon the application of any person interested in the estate, the executor or administrator must render and file with the clerk a verified account showing the amount of *money received* and *expended* by him, . . ." (Italics added; see 7 Witkin, Summary of Cal. Law (8th ed. 1974) pp. 5909, 5910; 25 Cal.Jur.3d, Decedents Estates, §§ 661, 755, 763, 766, 826, pp. 114-115, 203-205, 212-214, 216-218, 292-293.)

Consistency and good probate accounting practices dictate that what is required by statute in an accounting by an executor or administrator should also be applicable to the accounting by a trustee unless the trustee's powers clearly dictate otherwise in the trust document—which is not the case here.

Further hearings must be had as to all seven accounts. The trustee is to file supplemental accounts and reports to each of the seven accountings previously filed. These supplemental accounts shall accurately and truly reflect all gross income of all of the trust assets and summarized expenses in accepted accounting categories of the trust assets. The income beneficiaries shall receive copies of the supplemental accountings and be given the usual time as provided in the Probate Code to file objections, if any. The trial court, if necessary, shall conduct any further hearings necessary. Further, the trial court shall fix and allow a reasonable attorney fee to come from the trust estate for appellant's attorney for successfully prevailing on this appeal.

The judgment is hereby reversed and remanded to the trial court with instructions as above set forth.

Kaufman, Acting P. J., and Morris, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 20, 1979.